UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

CALVIN POWELL,

                                  Plaintiff,

-against-

UNITED STATES OF AMERICA; United States Drug Enforcement Agency ("DEA") Detectives SEAN FOGARTY, JOHANNA SANTOS, and "JOHN and/or JANE DOES" Nos. 1, 2, 3, etc., in their individual capacities; THE CITY OF NEW YORK, a municipal entity; NEW YORK CITY POLICE DEPARTMENT ("NYPD") Police Officers JOHN DOHERTY, and "RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc., in their individual capacities; and Investigators and Officials of The Office Of the Special Narcotics Prosecutor For the City Of New York "STANLEY and/or SALLY SOES" Nos. 1, 2, 3, etc., in their individual capacities,

                                Defendants.

**Docket No. 19-cv-11351**

**COMPLAINT**

**JURY TRIAL
DEMANDED**

------------------------------------------------------------------------- X

        Plaintiff Calvin Powell ("Mr. Powell"), by his attorneys, Beldock Levine & Hoffman LLP, as and for his complaint against the defendants named above alleges as follows:

## PRELIMINARY STATEMENT

        1.      This is a civil rights action brought by Mr. Powell who was falsely arrested and falsely imprisoned as a result of flagrant constitutional violations by the United States of America ("United States") and the City of New York ("City") based on and arising out of the wrongful acts and omissions of the United States Drug Enforcement Agency ("DEA") New York Drug Enforcement Task Force, the New York City Police Department ("NYPD"), and the Office of the Special Narcotics Prosecutor for the City of New York ("Office of the Special Narcotics Prosecutor"), and individual employees, agents and investigators of these offices.

1

2.     Mr. Powell, a tax preparer, lives with his family in a first-floor apartment of a three-family private apartment house at 3410 Barker Avenue, Bronx, New York.  On April 18, 2018, the individual defendants executed a search warrant at 3410 Barker Avenue.  The search warrant, which, upon information and belief, had been unlawfully procured by DEA Detective Sean Fogarty, authorized the search of the first and second floors of that location for evidence of narcotics related criminal activity.  Upon executing the search warrant, the individual defendants seized Mr. Powell and his family and thoroughly searched his apartment but failed to uncover any evidence of criminal activity.  The individual defendants then broke into and thoroughly searched the second-floor private apartment but, again, failed to uncover any evidence of criminal activity.

3.     Although the individual defendants knew the third-floor apartment at 3410 Barker Avenue was outside the bounds of their search warrant and that they had no lawful justification to search there, they nonetheless broke into and searched that apartment where they found a large quantity of drugs and evidence of criminal narcotics activity.  In order to justify their improper seizure of narcotics evidence, the individual defendants falsely claimed that they had found the drug evidence within the bounds of the search warrant and in Mr. Powell's possession and falsified evidence to support their claim.  As a result of the individual defendants' false and unlawful actions, Mr. Powell was arrested, imprisoned, and convicted by a Grand Jury.  All criminal charges against Mr. Powell were eventually dismissed by request of the Office of the Special Narcotics Prosecutor when evidence surfaced that proved where the criminal evidence had actually been found.

4.     Mr. Powell now seeks redress pursuant to the Federal Torts Claim Act ("FTCA") and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

(hereinafter "*Bivens*") and under under 42 U.S.C. § 1983 and New York State law for the injuries caused by the unconstitutional conduct of the Federal, State and City officials.

5.      Plaintiff seeks (i) compensatory damages for physical injury, psychological and emotional distress, and financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorneys' fees, as this Court deems equitable and just.

## JURISDICTION AND VENUE

6.      Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over plaintiff's claims against the United States under the FTCA based upon the fact that those claims arise under the laws of the United States within the meaning of Section 1331, and pursuant to 28 U.S.C. § 1346 based upon the fact that the United States is a defendant.

7.      Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over plaintiff's claims pursuant to *Bivens* against Detective Fogarty, Detective Santos, and "John and/or Jane Does" Nos. 1, 2, 3, etc., based upon the fact that those claims are for violations of rights guaranteed by the Constitution of the United States.

8.      Pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), this Court has subject matter jurisdiction over plaintiff's claims under 42 U.S.C. § 1983 against Officer Doherty, "Richard and/or Rachel Roes" Nos. 1, 2, 3, etc., and "Stanley and/or Sally Soes" Nos. 1, 2, 3, etc., based upon the fact that those claims are for violations of rights guaranteed by the Constitution of the United States and arise under the laws of the United States.

9.      Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide his claims against Officer Doherty, "Richard and/or Rachel

Roes" Nos. 1, 2, 3, etc., and "Stanley and/or Sally Soes" Nos. 1, 2, 3, etc., arising under state law that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

10.     On April 19, 2019, plaintiff's counsel submitted a Claim for Damage, Injury, or Death on behalf of plaintiff with the United States Drug Enforcement Administration.  More than six months has passed since plaintiff's claim was filed without the United States Drug Enforcement Administration providing a response.  Plaintiff has therefore exhausted all available administrative remedies.

11.     Plaintiff has complied with the requirements of New York General Municipal Law Section 50-i by making and serving a notice of claim on the Comptroller of the City of New York on December 11, 2019, within the time required by New York General Municipal Law Section 50-e.  More than thirty days have elapsed since the service of that notice and no offer of settlement has been made.

12.     At the request of the City of New York, on April 4, 2019, Mr. Powell submitted to a hearing pursuant to New York General Municipal Law Section 50-h.

**VENUE**

13.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York, the judicial district in which the claims arose.

**JURY DEMAND**

14.     Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

4

## PARTIES

15.     Plaintiff Calvin Powell ("plaintiff"/"Mr. Powell") is a citizen of the United States who was at all times relevant to this complaint a resident of Bronx County in the State of New York.

16.     Defendant United States of America ("United States") is a defendant in this action pursuant to the FTCA, 28 U.S.C. § 2671, *et seq.*, with respect to plaintiff's claims arising from the tortious acts and/or omissions of employees and agents of the DEA, an agency of the United States. Under the laws of the State of New York, these acts and omissions constitute common law torts of false arrest, malicious prosecution, and loss of consortium.  Because the employees of the DEA were acting as employees of the United States at the time of their wrongful acts alleged herein, pursuant to the FTCA, the United States is the appropriate defendant with respect to these common law claims.

17.     Defendant Detective Sean Fogarty ("Detective Fogarty") was at all times relevant to this complaint employed as a Detective of the DEA's New York Drug Enforcement Task Force and was acting in his individual capacities within the scope of his employment and under color of Federal law.  Detective Fogarty is sued individually as a defendant in plaintiff's claims under *Bivens*.

18.     Defendant Detective Johanna Santos ("Detective Santos") was at all times relevant to this complaint employed as a Detective of the DEA's New York Drug Enforcement Task Force and was acting in her individual capacities within the scope of her employment and under color of Federal law.  Detective Santos is sued individually as a defendant in plaintiff's claims under *Bivens*.

5

19.     Defendants "John and/or Jane Does" Nos. 1, 2, 3, etc. ("Agent Does"), whose actual names plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who is sued herein by the fictitious designations "John Doe" and "Jane Doe," represent those other officers, detectives, supervisors, and/or other agents, and employees of the DEA's New York Drug Enforcement Task Force and were acting in their individual capacities within the scope of their employment and under color of Federal law.  They are sued individually as defendants in plaintiff's claims under *Bivens*.

20.     Defendant City is a municipal corporation created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department and does maintain the NYPD which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

21.     Defendant Police Officer John Doherty ("Officer Doherty") was at all times relevant to this Complaint a duly appointed and acting Police Officer of the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the State of New York. He is entitled to indemnification under New York General Municipal Law Section 50-k and by contract.  Officer Doherty is being sued in his individual capacity under 42 U.S.C.§ 1983 and New York State Law.

22.     Defendants "Richard and/or Rachel Roes" Nos. 1, 2, 3, etc. ("Officer Roes), whose actual names plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designations "Richard Roe" and "Rachel Roe," represent those other officers, detectives, supervisors, and/or other agents, and employees of the NYPD,

6

acting under color of law and in their individual capacities within the scope of employment or agency pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the State of New York, who participated in the misconduct described herein. They are entitled to indemnification under New York General Municipal Law Section 50-k and by contract.  They are sued in their individual capacities under 42 U.S.C.§ 1983 and New York State Law.

23.    Defendants "Stanley and/or Sally Soes" Nos. 1, 2, 3, est. ("Office of the Special Narcotics Prosecutor Members Soes"), whose actual names plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who is sued herein by the fictitious designations "Stanley Soe" and "Sally Soe," represent those other investigators, agents, and employees of the Office of the Special Narcotics Prosecutor, acting under color of law and in their individual capacities within the scope of employment or agency pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the State of New York, who participated in the misconduct described herein.  They are entitled to indemnification under New York General Municipal Law Section 50-k and by contract.  They are sued in their individual capacities under 42 U.S.C.§ 1983 and New York State Law.

## STATEMENT OF FACTS

24.    Calvin Powell owns a three-family private apartment house at 3410 Barker Avenue, Bronx, New York.

25.    For approximately the last twenty years, Mr. Powell has resided with his family in the first-floor private apartment at 3410 Barker Avenue and rented out the second and third-floor private apartments.

26.     On or about April 18, 2018, a male and female tenant resided in the second-floor private apartment, which they had been renting for over ten years.

27.     On or about April 18, 2018, a male tenant resided in the third-floor private apartment, which he been renting for over ten years.

28.     On April 18, 2018, Mr. Powell spent the day at his father's house in Englewood, New Jersey.  Mr. Powell was making repairs to the house, which had recently been damaged from a fire.  Mr. Powell's father was in the hospital as a result of the fire.

29.     Later that evening, Mr. Powell returned to his first-floor apartment at 3410 Barker Avenue, where his wife, two sons, and his adopted nephew were present.

30.     At approximately 9:00 p.m., Mr. Powell received a call from his federal probation officer, Sandra Osman.

31.     Ms. Osman told Mr. Powell that two of her colleagues were going to perform a house visit with Mr. Powell.

32.     Ms. Osman told Mr. Powell that her colleagues were outside Mr. Powell's apartment and requested that Mr. Powell secure his dogs and go outside to meet them.

33.     Mr. Powell complied with Ms. Osman's request.  He took his dogs outside of his apartment and put them in a secured area in his yard.  Mr. Powell then went to the sidewalk to meet Ms. Osman's colleagues.

34.     When Mr. Powell reached the sidewalk, he was met by a male and a female.  The male asked Mr. Powell if he was Calvin Powell.  Mr. Powell responded that he was.

35.     The male showed Mr. Powell a badge and told Mr. Powell to turn around so that he could be handcuffed.  Mr. Powell complied with the male's request.

36.     The male asked Mr. Powell if anyone was in the house. Mr. Powell advised the male that his wife, his two sons, and his stepson were in his apartment.

37.     Mr. Powell observed numerous law enforcement officers exiting vehicles on the street and rushing towards 3410 Barker Avenue.

38.     The male and female led Mr. Powell into his apartment and sat him at a table in the kitchen.

39.     Numerous other law enforcement officers, including Detective Fogarty, Detective Santos, Officer John Doherty, members of the United States Drug Enforcement Agency's New York Drug Enforcement Taskforce, members of the Office of the Special Narcotics Prosecutor, and members of the NYPD, entered Mr. Powell's apartment and began to destructively search the premises.

40.     Law enforcement officers seized Mr. Powell's wife in her bedroom, handcuffed her, and brought into the kitchen where she was made to sit with Mr. Powell.

41.     Mr. Powell's two sons and stepson were handcuffed and led into the dining room, where they were forced to remain.

42.     Mr. Powell asked why the law enforcement officers were raiding his home.

43.     Mr. Powell was told that the law enforcement officers had a search warrant.

44.     The law enforcement officers had a warrant to enter the first and second floor of 3410 Barker Avenue.  On information and belief, the warrant to search the first and second floor of 3410 Barker Avenue was unlawful.  On information and belief, any warrant that the defendants may have had did not authorize their unlawful conduct with regard to Mr. Powell.

45.     Detective Fogarty had procured the search warrant, signed by the Honorable Laurie Peterson, to search the first and second floors of 3410 Barker Avenue earlier that day.

46.     The search warrant alleged that there was reasonable cause to believe that controlled substances and other evidence of criminal activity "may be found inside 3410 Barker Avenue, First and Second Floors, Bronx, New York ('Target Premises')."

47.     The search warrant relied on an affidavit prepared by Detective Fogarty.

48.     The affidavit prepared by Detective Fogarty falsely claimed that a person referred to as "JD-Kelvin" lived with his family on the first and second floors of 3410 Barker Avenue and sold large quantities of cocaine from there.

49.     The affidavit also stated that "[t]here is third floor [sic]which is occupied by another tenant who we have no reason to believe is associated with JD-Kelvin [redaction] That apartment is on the third floor, a search of which is not being requested in this warrant."

50.     The law enforcement officers executing the search warrant did not find any contraband or evidence of illegal activity as a result of their search of Mr. Powell's first-floor apartment.

51.     Law enforcement officers went to the second-floor private apartment and broke down the apartment's door.

52.     The law enforcement officers entered the second-floor apartment and took the male and female tenants of that apartment into custody.

53.     Law enforcement officers destructively searched the second-floor apartment.

54.     On information and belief, the law enforcement officers did not find any contraband or evidence of illegal activity as a result of their destructive search of the second-floor apartment.

55.     Although they knew that the search warrant only authorized them to search the first and second floors of 3410 Barker Avenue, law enforcement officers, including, upon information

and belief, Detective Fogarty, Detective Santos, and Police Officer Doherty, deliberately went beyond the scope of the search warrant to search the third-floor private apartment.

56.     The law enforcement officers were aware that there was no exception to the warrant requirement that justified a warrantless search of the third-floor apartment.

57.     The law enforcement officers knew that going outside the bounds of the search warrant to search the third-floor apartment was per se unreasonable under the Fourth Amendment.

58.     Nonetheless, the law enforcement officers broke down the locked third-floor apartment door and began to search the premises.

59.     On information and belief, neither the third-floor tenant, nor anyone else, was present in the third-floor apartment when law enforcement officers broke into that apartment.

60.     On information and belief, the law enforcement officers searching the third-floor apartment discovered personal papers and effects that evidenced that the third-floor apartment was controlled and occupied by the third-floor tenant, and not Mr. Powell, Mr. Powell's family, or the second-floor tenants.

61.     On information and belief, the law enforcement officers searching the third-floor apartment broke into a locked closet and discovered a large quantity of drugs and other evidence of criminal activity, including: cocaine, crack cocaine, plastic bags containing cutting agents or dilutant, Ziploc bags, digital scales, and a large amount of United States currency.

62.     The law enforcement officers knew that the drugs and other evidence of criminal activity that they had discovered in the locked closet in third-floor private apartment was outside the bounds of their search warrant.

63.     On information and belief, the law enforcement officers knew that the drugs and other evidence of criminal activity that they had discovered in a locked closet in third-floor private apartment was in the possession and control of the third-floor tenant.

64.     On information and belief, the law enforcement officers knew that the drugs and other evidence of criminal activity that they had discovered in a locked closet in third-floor private apartment was not under the possession or control of Mr. Powell and that the criminal evidence did not implicate Mr. Powell with any wrongdoing.

65.     On information and belief, the law enforcement officers, including Detective Fogarty, Detective Santos, and Police Officer Doherty, agreed to falsely claim that they had recovered the drugs and other criminal evidence in Mr. Powell's possession within the bounds of their warrant on the first and second floor apartments at 3410 Barker Avenue.

66.     The law enforcement officers transported Mr. Powell to the 50th Precinct.

67.     Officer Doherty processed Mr. Powell's arrest at the 50th Precinct.

68.     Although Officer Doherty did not reasonably suspect that weapons, contraband, or any other evidence was concealed upon Mr. Powell or in Mr. Powell's clothing, Officer Doherty caused Mr. Powell to be strip searched.

69.     In connection with Mr. Powell's arrest, Detective Fogarty, Detective Santos, and Officer Doherty prepared false and misleading arrest paperwork which was forwarded to an Assistant District Attorney at the Office of the Special Narcotics Prosecutor.

70.     The false and misleading paperwork that Detective Fogarty, Detective Santos, and Officer Doherty prepared and forwarded to the Office of the Special Prosecutor contained knowingly false statements to incriminate Mr. Powell and omitted material information that was exculpatory to him.

71.     An arrest report prepared by Officer Doherty falsely stated that "upon execution of search warrant #0560-2018[1] signed by the Honorable Judge Peterson, the defendant [Mr. Powell] was found to be in possession of a large quantity of a controlled substance."

72.     Detective Doherty created Property Clerk's Invoices for the drugs and other criminal evidence that had been recovered from the third-floor private apartment that falsely stated that Mr. Powell was the "owner" of that arrest evidence.

73.     The arrest report and Property Clerk's invoices intentionally did not contain material and exculpatory information known to Officer Doherty, including that the "large quantity of a controlled substance" had been recovered outside the bounds of their search warrant in a locked closet in the third-floor private apartment and was neither possessed nor controlled by Mr. Powell.

74.     On information and belief, Officer Doherty knew that the arrest report and Property Clerk's Invoices that he had prepared would be provided to an assistant district attorney and used to prosecute Mr. Powell.

75.     Detective Santos swore to an Affidavit of Inventory of Property Taken Under Search Warrant that falsely stated that the Property Clerk's Invoices created by Officer Doherty contained "a true and detailed account of all property" she seized while executing the search warrant at 3410 Barker Avenue.

76.     Detective Santos' affidavit did not correct Officer Doherty's false statement that Mr. Powell was the owner of the arrest evidence and where the arrest evidence had been found.

---

[1] The search warrant number for the search warrant authorizing the search of the first and second floor apartments at 3410 Barker Avenue is actually #559-2018. Search warrant #560-2018 is a search warrant Detective Fogarty obtained for a vehicle that was parked in the driveway of 3410 Barker Avenue that did not result in the discovery of any criminal evidence.

13

77.     Detective Santos' affidavit did not provide material and exculpatory information known to Detective Santos that the arrest evidence was found outside the bounds of their search warrant in a locked closet in the third-floor private apartment and was neither possessed nor controlled by Mr. Powell.

78.     On information and belief, Detective Santos knew that her affidavit would be provided to an assistant district attorney and used to prosecute Mr. Powell.

79.     Detective Fogarty falsely told an Assistant District Attorney ("ADA") from the Office of the Special Narcotics Prosecutor that he and other law enforcement officers had searched only the first and second floors of 3410 Barker Avenue when they executed the search warrant.

80.     Detective Fogarty falsely told the ADA that their search of the first and second floors of 3410 Barker Avenue had resulted in the discovery of drugs and other criminal evidence in Mr. Powell's possession.

81.     Detective Fogarty intentionally did not provide the ADA with material and exculpatory information that he possessed, including that the drugs and criminal evidence were discovered outside the bounds of their search warrant in a locked closet in the third-floor private apartment and was neither possessed nor controlled by Mr. Powell.

82.     As a result of the false information provided by Detective Fogarty, Detective Santos, Police Officer Doherty, and other defendant law enforcement officers, as well as the material and exculpatory information they intentionally withheld, the Office of Special Narcotics Prosecutor decided to prosecute Mr. Powell.

83.     A criminal court complaint containing the false information provided by law enforcement officers, including Detective Fogarty, Detective Santos, and Officer Doherty, charged Mr. Powell with Criminal Possession of a Controlled Substance in the First Degree (N.Y.P.L.

220.21(1)), Criminal Possession of a Controlled Substance in the Third Degree (N.Y.P.L. 220.16 (1)), Criminal Use of Drug Paraphernalia in the Second Degree (N.Y.P.L. 220.50(1)), Criminally Using Drug Paraphernalia in the Second Degree (N.Y.P.L. 220.50(3)), and Criminally Using Drug Paraphernalia in the Second Degree (N.Y.P.L. 220.50(2)).

84.     Although Detective Fogarty knew that the criminal court complaint charging Mr. Powell contained false statements, and that it was a crime to make false statements in a criminal court complaint, Detective Fogarty signed that document.

85.     After being held for several hours at the 50th Precinct, Mr. Powell was transported to New York County Central Booking where he was held in custody for several more hours.

86.     On or about April 19, 2018, Mr. Powell was arraigned in New York Criminal Court.

87.     At his arraignment, Mr. Powell was charged with the drug related criminal charges outlined in the criminal court complaint that Detective Fogarty had signed.

88.     Because of the false statements contained in the criminal court complaint, Mr. Powell was remanded into the custody of the New York City Department of Correctional Services.

89.     On or about April 24, 2018, the Office of the Special Narcotics Prosecutor presented its case against Mr. Powell to a Grand Jury.

90.     On information and belief, the Grand Jury that heard the Office of the Special Narcotics Prosecutor's case against Mr. Powell was presented with the false and misleading information that law enforcement officers, including Detective Fogarty, Detective Santos, and Officer Doherty, had provided to the ADA, and not provided with material information known to those law enforcement officers that exculpated Mr. Powell.

91.     On information and belief, the Grand Jury was provided with false information that the law enforcement officers had found Mr. Powell in possession of drugs and other criminal

15

evidence on the first and second floors of 3410 Barker Avenue as the result of a lawfully executed search warrant.

92. On information and belief, the Grand Jury was not informed that the drugs and other criminal evidence was not found in Mr. Powell's possession or control.

93. On information and belief, the Grand Jury was not informed that Mr. Powell resided in the first-floor apartment at 3410 Barker Avenue and that the second and third floor private apartments were rented out by other persons.

94. On information and belief, the Grand Jury was not informed that the drugs and other criminal evidence attributed to Mr. Powell had been seized from a locked closet in the third-floor private apartment that another person rented and was not occupied by Mr. Powell.

95. On information and belief, the Grand Jury was not informed that the third-floor private apartment from which the drugs and other criminal evidence had been seized was outside of the bounds of the search warrant the law enforcement officers were executing.

96. On information and belief, the Grand Jury was not informed that, when he applied for the search warrant for 3410 Barker Avenue, Detective Fogarty had represented in a sworn affidavit that law enforcement had no reason to believe that the private third-floor apartment and the tenant that resided in that apartment had any connection or association with Mr. Powell.

97. As a result of the prosecution's presentation of the false and misleading information that had been provided by the law enforcement officers, as well as the prosecution's failure to present exculpatory evidence that had been withheld by the law enforcement officers, the Grand Jury indicted Mr. Powell and Mr. Powell remained in the custody of New York City Department of Correctional Services.

98.     Because of his false imprisonment, Mr. Powell was not able to tend to his father who was in a hospital as a result of a fire.

99.     Mr. Powell's father died on May 2, 2018, while Mr. Powell was still in custody.

100.    Because of his false imprisonment, Mr. Powell was denied the opportunity to be with his father during his final living days or be present when his father died.

101.    Because of his false imprisonment, Mr. Powell was not permitted to attend his father's funeral.

102.    On June 14, 2018, Mr. Powell's defense counsel moved, *inter alia*, to suppress all of the property seized by the law enforcement officers on grounds that they had actually seized the property outside the bounds of the search warrant in the private third-floor apartment.

103.    The prosecution responded to the motion by denying that any of the evidence against Mr. Powell had been recovered from the third floor and asserted that Mr. Powell was "untruthful."  The basis for the prosecution's denial and assertion of Mr. Powell's untruthfulness was "a review of police reports" and "discussions with the police officers involved in this matter."

104.    On information and belief, the police officers referred to by the prosecution included Detective Fogarty, Detective Santos, Officer Doherty, and the other law enforcement officers involved in the April 18, 2018 search warrant execution at 3410 Barker Avenue.

105.    The Honorable Neil E. Ross ordered a hearing to determine if the April 18, 2018 search warrant execution was conducted in accordance with the search warrant.

106.    At the hearing, Mr. Powell's defense counsel presented photographs taken by law enforcement officers during the April 18, 2018 search warrant execution to show where the drugs and other criminal evidence had been found and argued that these photographs proved that the arrest evidence had been found in the third-floor apartment.

107.     Judge Ross ordered the prosecution and Mr. Powell's defense counsel to perform an inspection of 3410 Barker Avenue to determine if the photographs taken by law enforcement officers established that the drugs and other criminal evidence had been recovered from the third-floor apartment.

108.     An inspection of 3410 Barker Avenue was conducted by the prosecution and Mr. Powell's defense counsel.

109.     As a result of the inspection, the prosecution conceded that the drugs and other criminal evidence that had been seized by the law enforcement officers during the April 18, 2018 search warrant execution had been recovered from the third-floor apartment at 3410 Barker Avenue.

110.     After having spent approximately four months and nineteen days in jail, Mr. Powell was released on bail on or about September 7, 2018.

111.     All criminal charges against Mr. Powell were dismissed on or about September 12, 2018.

## DAMAGES

112.     The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions of Detective Fogarty, Detective Santos, DEA Agent Does, Officer Doherty, NYPD Officer Roes, and Office of the Special Narcotics Prosecutor Members Soes caused Mr. Powell to be falsely arrested and imprisoned, maliciously prosecuted, and forced Mr. Powell to be imprisoned for approximately four months and nineteen days for a crime he did not commit.

113.     As a direct result of bad faith, willful, wanton, reckless, and/or deliberately indifferent acts and omissions by Detective Fogarty, Detective Santos, Officer Doherty, and the other law enforcement officer defendants, Mr. Powell sustained injuries and damages, which

continue to date and will continue into the future, including: loss of freedom; pain and suffering; severe mental anguish; emotional distress; loss of family relationships; severe psychological damage; loss of property; loss of income; humiliation, indignities and embarrassment; and degradation, for which he is entitled to monetary relief.

114.    When Mr. Powell was falsely arrested for this crime, he had an excellent and ongoing relationships with his wife, his children, his father, and various other family members, most of which relationships were cut off, aside from occasional prison visits, for the remainder of his imprisonment of nearly four months and nineteen days. Mr. Powell's relationship with his father was permanently severed when Mr. Powell was unable to be present during his father's death or attend his funeral.

115.    Defendants' unlawful actions also caused Mr. Powell to suffer significant mental anguish; social stigma; restrictions on liberty; loss of property; interference with familial relationships; and financial burdens.

116.    All the acts and omissions committed by the Defendants described herein for which liability is claimed were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet all of the standards for imposition of punitive damages.

## COUNT I
### False Arrest Pursuant to FTCA
*(Against United States)*

117.    Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

118.    The DEA, Detective Fogarty, Detective Santos, and Agent Does intended to and did confine Calvin Powell for an extended period of time, of which confinement Mr. Powell was

conscious and to which he did not consent. Mr. Powell's confinement was not otherwise privileged.

119.    Specifically, the DEA, Detective Fogarty, Detective Santos, and Agent Does, acting individually and in concert with themselves and with Officer Doherty, Officer Does, and Office of the Special Narcotics Prosecutor Members Soes, caused Mr. Powell to be arrested for possessing drugs and other drug related criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue when they knew probable cause did not exist to charge Mr. Powell with those crimes.   As a result of these defendants' actions, Mr. Powell was taken into custody, transported from his home to the 50th Precinct, to New York Central Booking, and then to the Vernon C. Bain Correctional Center.

120.    The DEA, Detective Fogarty, Detective Santos, and Agents Does performed the above-described acts under color of federal law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Mr. Powell's clearly established constitutional rights.   No reasonable officer in 2018 would have believed this conduct was lawful.

121.    As a direct and proximate result of these defendants' actions, Mr. Powell was wrongly imprisoned for approximately four months and nineteen days and suffered the other grievous and continuing damages and injuries set forth above.

122.    The foregoing actions of the DEA, Detective Fogarty, Detective Santos and Agent Does constitute the tort of false arrest under the laws of the State of New York.

123.    These defendants committed the above acts and omissions while acting within the scope of their offices or employment with the United States.   Accordingly, pursuant to 28 U.S.C. § 2679, the United States is the appropriate defendant in Mr. Powell's false arrest claim

124.     As a result of the foregoing acts and omissions of its employees, if the United States were a private person it would be held liable under New York law to plaintiff Calvin Powell for the tort of false arrest.

## COUNT II
### Malicious Prosecution Pursuant to FTCA
*(Against United States)*

125.     The DEA, Detective Fogarty, Detective Santos and Agent Does, despite knowing that probable cause did not exist to arrest Calvin Powell and prosecute him with criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue, intentionally, recklessly, and with malice caused Mr. Powell to be arrested and prosecuted for those crimes. Furthermore, these defendants intentionally withheld from and misrepresented to prosecutors, and the grand jury, facts that further vitiated probable cause against Mr. Powell, including but not limited to the facts that the criminal drug evidence they falsely charged Mr. Powell with had not been in Mr. Powell's possession or control and had been recovered outside the bounds of the search warrant that defendants were executing when the contraband was recovered.

126.     Mr. Powell is completely innocent of the criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue. The prosecution finally terminated in Mr. Powell's favor on or about September 12, 2018, when all of the charges against him were dismissed at the request of the prosecution.  Mr. Powell was released from custody as a result.

127.     As a direct and proximate result of these defendants' actions, Mr. Powell was wrongly imprisoned for approximately four months and nineteen days and suffered the other grievous and continuing damages and injuries set forth above.

128.     The foregoing actions of the DEA, Detective Fogarty, Detective Santos and Agent Does constitute the tort of malicious prosecution under the laws of the State of New York.

129.     These defendants committed the above acts and omissions while acting within the scope of their offices or employment with the United States.  Accordingly, pursuant to 28 U.S.C. § 2679, the United States is the appropriate defendant in Mr. Powell's malicious prosecution claim

130.     As a result of the foregoing acts and omissions of its employees, if the United States were a private person it would be held liable under New York law to plaintiff Calvin Powell for the tort of malicious prosecution.

**COUNT III**
**Loss of Consortium Pursuant to FTCA**
*(Against United States)*

131.     Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

132.     As a proximate result of the initiation of the prosecution of Calvin Powell for possessing drugs and other criminal evidence recovered during the April 18, 2018 search warrant execution at 3410 Barker Avenue, without probable cause and with malice by the DEA, Detective Fogarty, Detective Santos, and Agent Does, Mr. Powell was convicted and imprisoned for approximately four months and nineteen days.

133.     In addition, the initiation of the prosecution of Mr. Powell caused him to suffer the loss of society, affection, companionship and relations with his wife, Sheila Dixon, during the time that Mr. Powel was held in jail and Ms. Dixon remained married to him.

134.     The DEA, Detective Fogarty, Detective Santos and Agent Does knew or should have known that their initiation of the prosecution of Mr. Powell for criminal drug offenses without probable cause and with malice, and the imprisonment of Mr. Powell which proximately resulted from their actions, was likely to cause Mr. Powell to suffer the loss of the society, affection,

companionship, and relations with his wife during the time that he was imprisoned and his wife remained married to him.

135.    The foregoing actions of the DEA, Detective Fogarty, Detective Santos, and Agent Does constitute the tort of loss of consortium under the laws of the State of New York.

136.    These defendants committed the above acts and omissions while acting within the scope of their offices or employment with the United States.  Accordingly, pursuant to 28 U.S.C. § 2679, the United States is the appropriate defendant in Mr. Powell's loss of consortium claim

137.    As a result of the foregoing acts and omissions of its employees, if the United States were a private person it would be held liable under New York law to plaintiff Calvin Powell for the tort of loss of consortium.

<u>**COUNT IV**</u>
**42 U.S.C. § 1983 4th Amendment False Arrest Pursuant to *Bivens***
*(Against Drug Enforcement Agency Defendants*
*Detective Fogarty, Detective Santos, and Agent Does)*

138.    Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

139.    Defendants Detective Fogarty, Detective Santos, and Agent Does intended to and did confine Calvin Powell for an extended period of time, of which confinement Mr. Powell was conscious and to which he did not consent.   Mr. Powell's confinement was not otherwise privileged.

140.    Specifically, these defendants, acting individually and in concert, caused Mr. Powell to be arrested for possessing drugs and other related criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue when they knew probable cause did not exist to charge Mr. Powell with those crimes.  As a result of these defendants' actions, Mr.

Powell was taken into custody, transported from his home to the 50th Precinct, to New York Central Booking, and then to the Vernon C. Bain Correctional Center.

141.     These defendants performed the above-described acts under color of state law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Mr. Powell's clearly established constitutional rights.  No reasonable officer in 2018 would have believed this conduct was lawful.

142.     As a direct and proximate result of these defendants' actions, Mr. Powell was wrongly imprisoned for approximately four months and nineteen days and suffered the other grievous and continuing damages and injuries set forth above.

## COUNT V
**42 U.S.C. § 1983 4th Amendment Malicious Prosecution Pursuant to *Bivens***
*(Against Drug Enforcement Agency Defendants Detective Fogarty,*
*Detective Santos, and Agent Does.)*

143.     Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

144.     Defendants Detective Fogarty, Detective Santos, and Agent Does, with malice and knowledge that probable cause did not exist to arrest Calvin Powell and prosecute him with criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue, acting individually and in concert, caused Mr. Powell to be arrested, charged, and prosecuted for those crimes, thereby violating Mr. Powell's clearly established right, under the Fourth and Fourteenth Amendments of the United States Constitution, to be free of unreasonable searches and seizures.

145.     Specifically, these defendants, acting individually and in concert, fabricated evidence and intentionally withheld from and misrepresented to prosecutors and the grand jury exculpatory facts that vitiated probable cause against Mr. Powell, including, but not limited to, the

fact that the criminal drug evidence used to charge Mr. Powell had not been in Mr. Powell's possession and control, and had been recovered from the private third-floor apartment that was outside the bounds of the search warrant these defendants were executing.

146.    These defendants performed the above-described acts under color of federal law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Mr. Powell's clearly established constitutional rights.  No reasonable officer in 2018 would have believed this conduct was lawful.

147.    Calvin Powell is completely innocent of the criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue. The prosecution finally terminated in Mr. Powell's favor on September 12, 2018, when all criminal charges against him were dismissed.

148.    As a direct and proximate result of these defendants' actions, Mr. Powell spent approximately four months and nineteen days wrongly imprisoned and suffered the other grievous and continuing damages and injuries set forth above.

<u>COUNT VI</u>
**42 U.S.C. § 1983 14th Amendment Deprivation of Liberty Without
Due Process of Law and Denial of a Fair Trial by Fabricating Evidence and
Withholding Material Exculpatory and Impeachment Evidence Pursuant to *Bivens***
*(Against Drug Enforcement Agency Defendants Detective Fogarty,
Detective Santos, and Agent Does)*

149.    Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

150.    Defendants Detective Fogarty, Detective Santos, and Agent Does, acting individually and in concert with themselves and with Officer Doherty, Officer Does, and Office of the Special Narcotics Prosecutor Members Soes, deprived Calvin Powell of his clearly established

constitutional right, under the Fourteenth Amendment of the United States Constitution, to a fair trial.

151.    These defendants deprived Mr. Powell of his right to a fair trial by fabricating inculpatory evidence that the drugs and other criminal evidence that these defendants had recovered from a third-floor private apartment that was outside the bounds of the search warrant they were executing had been found in the possession and control of Mr. Powell on the first and second floors of 3410 Barker Avenue.

152.    These defendants deprived Mr. Powell of his right to a fair trial by withholding material exculpatory and impeachment evidence from the defense, including without limitation that the criminal evidence used to criminally charge Mr. Powell had been found in the third-floor private apartment that Detective Fogarty had previously represented in his search warrant application had no relation or connection to Mr. Powell.

153.    These defendants performed the above-described acts under color of federal law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Mr. Powell's clearly established constitutional rights.  No reasonable officer in 2018 would have believed this conduct was lawful.

154.    Calvin Powell is completely innocent of the criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue. The prosecution finally terminated in Mr. Powell's favor on September 12, 2018, when all criminal charges against him were dismissed.

155.    As a direct and proximate result of these defendants' actions, Mr. Powell spent approximately four months and nineteen days wrongly imprisoned and suffered the other grievous and continuing damages and injuries set forth above.

26

## COUNT VII
### 42 U.S.C. § 1983 Failure to Intercede Pursuant to *Bivens*
*(Against Drug Enforcement Agency Defendants Detective Fogarty,*
*Detective Santos, and Agent Does)*

156.    Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

157.    By their conduct and under color of federal law, defendants Detective Fogarty, Detective Santos, and Agent Does had opportunities to intercede on behalf of Calvin Powell to prevent his false arrest, malicious prosecution, false imprisonment, and deprivation of liberty without due process of law, but, due to their intentional conduct and/or reckless or deliberate indifference, declined or refused to do so.

158.    These defendants' failures to intercede violated Mr. Powell's clearly established constitutional right to be free from unreasonable search and seizure and not to be deprived of liberty without due process of law as guaranteed by the Fourth and Fourteenth Amendments.  No reasonable officer in 2018 would have believed that failing to intercede to prevent these defendants from causing Mr. Powell to be arrested and prosecuted without probable cause, fabricating inculpatory evidence, and withholding material, exculpatory and/or impeachment evidence was lawful.

159.    Calvin Powell is completely innocent of the criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue. The prosecution finally terminated in Mr. Powell's favor on September 12, 2018, when all criminal charges against him were dismissed.

160.    As a direct and proximate result of these defendants' actions, Mr. Powell spent approximately four months and nineteen days wrongly imprisoned and suffered the other grievous and continuing damages and injuries set forth above.

27

## COUNT VIII
### 42 U.S.C. § 1983 Civil Rights Conspiracy Pursuant to *Bivens*
*(Against Drug Enforcement Agency Defendants Detective Fogarty,*
*Detective Santos, and Agent Does)*

161.    Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

162.    Defendants Detective Fogarty, Detective Santos, and Agent Does, acting within the scope of their employment and under color of federal law, along with Officer Doherty, Officer Roes, and, with themselves and with Officer Doherty, Officer Does, and Office of the Special Narcotics Prosecutor Members Soes, agreed among themselves and with other individuals to act in concert in order to deprive Calvin Powell of his clearly established Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures, false arrest, false imprisonment, malicious prosecution, and deprivation of liberty without due process of law, and to a fair trial.

163.    In furtherance of the conspiracy, defendants engaged in and facilitated numerous overt acts, including, without limitation, the following:

      a.    Falsely arresting and imprisoning Mr. Powell, knowing that they lacked probable cause;

      b.    Fabricating inculpatory evidence in reports and pretrial communications with the prosecution, including the false allegation that Mr. Powell had been found in possession of drugs and other criminal evidence; and

      c.    Committing perjury during court hearings and the Grand Jury.

164.    Calvin Powell is completely innocent of the criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue. The prosecution finally

terminated in Mr. Powell's favor on September 12, 2018, when all criminal charges against him were dismissed.

**COUNT IX**
**4th Amendment False Arrest Pursuant to 42 U.S.C. § 1983**
*(Against NYPD Defendants Officer Doherty, Officer Roes, and*
*Office of the Special Narcotics Prosecutor Members Soes)*

165.    Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

166.    Defendants Officer Doherty, Officers Roes, and Office of the Special Narcotics Prosecutor Members Soes intended to and did confine Calvin Powell for an extended period of time, of which confinement Mr. Powell was conscious of and did not consent to.  Mr. Powell's confinement was not otherwise privileged.

167.    Specifically, Officer Doherty, Officers Roes, and Office of the Special Narcotics Prosecutor Members Soes, acting individually and in concert with themselves and with Detective Fogarty, Detective Santos, and Agent Does, caused Mr. Powell to be arrested for possessing drugs and other drug related criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue when they knew probable cause did not exist to charge Mr. Powell with those crimes.  As a result of these defendants' actions, Mr. Powell was taken into custody, transported from his home to the 50th Precinct, to New York Central Booking, and then to the Vernon C. Bain Correctional Center.

168.    These defendants performed the above-described acts under color of state law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Mr. Powell's clearly established constitutional rights.  No reasonable officer in 2018 would have believed this conduct was lawful.

29

169.     As a direct and proximate result of these defendants' actions, Mr. Powell was wrongly imprisoned for approximately four months and nineteen days and suffered the other grievous and continuing damages and injuries set forth above.

<u>**COUNT X**</u>
**4th Amendment Malicious Prosecution Pursuant to 42 U.S.C. § 1983**
*(Against NYPD Defendants Officer Doherty, Officer Roes, and*
*Office of the Special Narcotics Prosecutor Members Soes)*

170.     Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

171.     Defendants Officer Doherty, Officers Roes, and Office of the Special Narcotics Prosecutor Members Soes, with malice and knowing that probable cause did not exist to arrest Calvin Powell and prosecute him with criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue, acting individually and in concert, caused Mr. Powell to be arrested, charged, and prosecuted for those crimes, thereby violating Mr. Powell's clearly established right, under the Fourth and Fourteenth Amendments of the United States Constitution, to be free of unreasonable searches and seizures.

172.     Specifically, these defendants, acting individually and in concert, fabricated evidence and intentionally withheld from and misrepresented to the grand jury exculpatory facts that vitiated probable cause against Mr. Powell, including, but not limited to, the fact that the criminal drug evidence used to charge Mr. Powell had not been in Mr. Powell's possession and control, and had been recovered from the private third-floor apartment that was outside the bounds of the search warrant these defendants were executing.

173.     These defendants performed the above-described acts under color of state law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Mr. Powell's

clearly established constitutional rights.  No reasonable officer in 2018 would have believed this conduct was lawful.

174.    Calvin Powell is completely innocent of the criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue. The prosecution finally terminated in Mr. Powell's favor on September 12, 2018, when all criminal charges against him were dismissed.

175.    As a direct and proximate result of these defendants' actions, Mr. Powell spent approximately four months and nineteen days wrongly imprisoned and suffered the other grievous and continuing damages and injuries set forth above.

### COUNT XI
**14th Amendment Deprivation of Liberty Without Due Process of Law and
Denial of a Fair Trial by Fabricating Evidence and Withholding Material
Exculpatory and Impeachment Evidence Pursuant to 42 U.S.C. § 1983**
*(Against NYPD Defendants Officer Doherty, Officer Roes, and
Office of the Special Narcotics Prosecutor Members Soes)*

176.    Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

177.    Defendants Officer Doherty, Officers Roes, and Office of the Special Narcotics Prosecutor Members Soes, acting individually and in concert, deprived Calvin Powell of his clearly established constitutional right to a fair trial under the Fourteenth Amendment of the United States Constitution.

178.    These defendants deprived Mr. Powell of his right to a fair trial by fabricating inculpatory evidence that drugs and other criminal evidence that these defendants had recovered from a third-floor private apartment that was outside the bounds of the search warrant they were executing had been found in the possession and control of Mr. Powell on the first and second floors of 3410 Barker Avenue.

179.    These defendants deprived Mr. Powell of his right to a fair trial by withholding material exculpatory and impeachment evidence from the defense, including without limitation that the criminal evidence used to criminally charge Mr. Powell had been found in a third-floor private apartment that Detective Fogarty had previously represented in his search warrant affidavit had no relation or connection to Mr. Powell.

180.    These defendants performed the above-described acts under color of state law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Mr. Powell's clearly established constitutional rights.  No reasonable officer in 2018 would have believed this conduct was lawful.

181.    Calvin Powell is completely innocent of the criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue. The prosecution finally terminated in Mr. Powell's favor on September 12, 2018, when all criminal charges against him were dismissed.

182.    As a direct and proximate result of these defendants' actions, Mr. Powell spent approximately four months and nineteen days wrongly imprisoned and suffered the other grievous and continuing damages and injuries set forth above.

## COUNT XII
### Failure to Intercede Pursuant to 42 U.S.C. § 1983
*(Against NYPD Defendants Officer Doherty, Officer Roes, and*
*Office of the Special Narcotics Prosecutor Members Soes)*

183.    Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

184.    By their conduct and under color of state law, defendants Officer Doherty, Officers Roes, and Office of the Special Narcotics Prosecutor Members Soes had opportunities to intercede on behalf of Calvin Powell to prevent his false arrest, malicious prosecution, false imprisonment,

and deprivation of liberty without due process of law, but, due to their intentional conduct and/or reckless or deliberate indifference, declined or refused to do so.

185.    These defendants' failures to intercede violated Mr. Powell's clearly established constitutional right to be free from unreasonable search and seizure and not to be deprived of liberty without due process of law as guaranteed by the Fourth and Fourteenth Amendments.  No reasonable police officer in 2018 would have believed that failing to intercede to prevent these defendants from causing Mr. Powell to be arrested and prosecuted without probable cause, fabricating inculpatory evidence, and withholding material, exculpatory and/or impeachment evidence was lawful.

186.    Calvin Powell is completely innocent of the criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue. The prosecution finally terminated in Mr. Powell's favor on September 12, 2018, when all criminal charges against him were dismissed.

187.    As a direct and proximate result of these defendants' actions, Mr. Powell spent approximately four months and nineteen days wrongly imprisoned and suffered the other grievous and continuing damages and injuries set forth above.

<u>COUNTXIII</u>
**Civil Rights Conspiracy Pursuant to 42 U.S.C. § 1983**
*(Against NYPD Defendants Officer Doherty, Officer Roes, and*
*Office of the Special Narcotics Prosecutor Members Soes)*

188.    Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

189.    Defendants Officer Doherty, Officers Roes, and Office of the Special Narcotics Prosecutor Members Soes, acting within the scope of their employment and under color of state law, along with Detective Fogarty, Detective Santos, and Agent Does, agreed among themselves

33

and with other individuals to act in concert in order to deprive Calvin Powell of his clearly established Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures, false arrest, false imprisonment, malicious prosecution, and deprivation of liberty without due process of law, and to a fair trial.

190.    In furtherance of the conspiracy, defendants engaged in and facilitated numerous overt acts, including, without limitation, the following:

      a.   Falsely arresting and imprisoning Mr. Powell, knowing that they lacked probable cause;

      b.   Fabricating inculpatory evidence in reports and pretrial communications with the prosecution, including the allegation that Mr. Powell had been found in possession of drugs and other criminal evidence; and

      c.   Committing perjury during court hearings and the Grand Jury.

191.    Calvin Powell is completely innocent of the criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue. The prosecution finally terminated in Mr. Powell's favor on September 12, 2018, when all criminal charges against him were dismissed.

192.    As a direct and proximate result of these defendants' actions, Mr. Powell spent approximately four months and nineteen days wrongly imprisoned and suffered the other grievous and continuing damages and injuries set forth above.

## COUNT XIV
### New York State Constitutional Violations
*(Against Defendants Officer Doherty, Officer Roes, and*
*Office of the Special Narcotics Prosecutor Members Soes)*

193.    Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

194.    Such conduct breached the protections guaranteed to plaintiffs by the New York State Constitution, including but not limited to, Article I, Secs. 6and 12, and including the following rights:

    a.   freedom from unreasonable search and seizure of his person and property;

    b.   freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion or legal justification, and of which wrongful detention plaintiff was aware and did not consent; and

    c.   freedom from deprivation of liberty without due process of law.

195.    The deprivation of plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

## COUNT XV
### Malicious Prosecution Pursuant to New York State Law
*(Against Defendants Officer Doherty, Officer Roes, and Office*
*of the Special Narcotics Prosecutor Members Soes)*

196.    Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:.

197.    Defendants Officer Doherty, Officers Roes, and Office of the Special Narcotics Prosecutor Employee Soes, despite knowing that probable cause did not exist to arrest Calvin Powell and prosecute him with criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue, intentionally, recklessly, and with malice caused Mr. Powell to

35

be arrested and prosecuted for those crimes.  Furthermore, these defendants intentionally withheld from and misrepresented to prosecutors and the grand jury facts that further vitiated probable cause against Mr. Powell, including but not limited to the facts that the criminal drug evidence for which Mr. Powell was falsely charged had not been in Mr. Powell's possession or control and had been recovered outside the bounds of the search warrant that defendants were executing when the contraband was recovered.

198.    Mr. Powell is completely innocent of the criminal charges stemming from the April 18, 2018 search warrant execution at 3410 Barker Avenue. The prosecution finally terminated in Mr. Powell's favor on or about September 12, 2018, when all of the charges against him were dismissed at the request of the prosecution.  Mr. Powel was released from custody as a result.

199.    As a direct and proximate result of these defendants' actions, Mr. Powell was wrongly imprisoned for approximately four months and nineteen days and suffered the other grievous and continuing damages and injuries set forth above.

### COUNT XVI
### *Respondeat Superior* Claim Pursuant to New York State Law
*(Against City of New York)*

200.    Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

201.    At all times relevant to this Complaint, defendants Officer Doherty, Officers Roes, and Office of the Special Narcotics Prosecutor Employee Soes acted as agents of the City of New York, in furtherance of the business, including law enforcement functions, of the City of New York, and within the scope of their employment or agency with the City of New York.

202.    The conduct by which these NYPD and Office of the Special Narcotics Prosecutor Employee defendants committed the torts of false arrest and malicious prosecution was not

undertaken for personal motives, but rather was undertaken while the NYPD and Office of the Special Narcotics Prosecutor Employee defendants were on duty, carrying out their routine investigative functions as detectives and investigators.

203.    Under the doctrine of *respondeat superior*, the City of New York is liable for their agents' state law torts of malicious prosecution, intentional, reckless or negligent infliction of emotional distress, and negligence.

**WHEREFORE**, Calvin Powell prays as follows:

(a)    That the Court award compensatory damages to him and against the defendants, jointly and severally, in an amount to be determined at trial;

(b)    That the Court award punitive damages to him against all individual defendants, in an amount to be determined at trial, that will deter such conduct by defendants in the future;

(c)    For a trial by jury;

(d)    For pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

(e)    For any and all other relief to which he may be entitled.

Dated:    New York, New York
          December 11, 2019

/s/Marc A. Cannan
Marc A. Cannan
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, 26th Floor
New York, New York 10016
(212) 490-0400