UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN POWELL,

      Plaintiff,

  v.

UNITED STATES OF AMERICA; United States Drug
Enforcement Agency ("DEA") Detectives SEAN
FOGARTY, JOHANNA SANTOS, and "JOHN and/or
JANE DOES" Nos. 1, 2, 3, etc., in their individual
capacities; THE CITY OF NEW YORK, a municipal entity;
NEW YORK CITY POLICE DEPARTMENT ("NYPD")
Police Officers JOHN DOHERTY, and "RICHARD
and/or RACHEL ROES Nos. 1, 2, 3, etc., in their individual
capacities; and Investigators and Officials of The Office Of
the Special Narcotics Prosecutor For the City Of New York
"STANLEY and/or SALLY SOES" Nos. 1, 2, 3, etc., in
their individual capacities,
,

      Defendants.

19 Civ. 11351 (AKH)

## DEFENDANT JOHANNA SANTOS' MEMORANDUM OF LAW
## IN SUPPORT OF HER MOTION TO DISMISS THE COMPLAINT

**SERPE RYAN LLP**

Silvia L. Serpe
Paul W. Ryan
16 Madison Square West
New York, New York 10010
(212) 257-5010
sserpe@serperyan.com
pryan@serperyan.com

*Attorneys for Defendant Johanna Santos*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................1

BACKGROUND ................................................................................................................2

   A.  Allegations as to the "Law Enforcement Officers" ..............................................2

   B.  Allegations Specific to Detective Santos..............................................................4

ARGUMENT ....................................................................................................................5

   I.  THIS COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST DETECTIVE
      SANTOS FOR FAILURE TO STATE A CLAIM.............................................................5

     A. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6) ...........................5

     B. This Court Should Decline to Extend *Bivens* to Encompass Plaintiff's Claims...................5

        1.    All of Plaintiff's Claims Present a New *Bivens* Context..................................6

           *a.*   *Count IV for False Arrest Presents a New Bivens Context*..............................7

           *b.*   *Count V for Malicious Prosecution Presents a New Bivens Context*.......................7

           *c.*   *Count VI for 14th Amendment Due Process Violation Presents a New Bivens Context*...8

           *d.*   *Count VII for Failure to Intercede Presents a New Bivens Context*........................9

           *e.*   *Count VIII for Civil Rights Conspiracy Presents a New Bivens Context*....................9

        2.    Special Factors Counsel Against Implying a *Bivens* Remedy for the New Contexts
            Plaintiff Presents...................................................................................10

     C. Plaintiff Fails to Allege the Personal Involvement of Detective Santos...................12

     D. Plaintiff Failes to State a Claim for Malicious Prosecution ...................................14

     E. Plaintiff Fails to State a Claim for Failure to Intercede...........................................17

     F. Plaintiff Fails to State a Claim for Conspiracy.....................................................18

   II.  PLAINTIFF'S CLAIMS AGAINST DETECTIVE SANTOS ARE BARRED BY THE DOCTRINE
       OF QUALIFIED IMMUNITY.........................................................................19

CONCLUSION .................................................................................................................21

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abdoulaye v. Cimaglia*, 2018 U.S. Dist. LEXIS 56167 (S.D.N.Y. Mar. 30, 2018) ...................................11

*Aikman v. County of Westchester*, 691 F. Supp. 2d 496 (S.D.N.Y. 2010) .........................................7

*Arar v. Ashcroft*, 585 F.3d 559 (2d Cir. 2009) .................................................................. 10, 18

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ..........................................................................20

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ...............................................................5, 12, 19

*Atuahene v. City of Hartford*, 10 Fed. Appx. 33 (2d Cir. 2001) .........................................13

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ...................................................................5

*Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)............................2, 7

*Boudette v. Buffington,* 2019 U.S. Dist. LEXIS 140481 (D. Col. Aug. 19, 2019) .......................................11

*Butler v. Hesch*, 2020 U.S. Dist. LEXIS 49437 (N.D.N.Y.  Mar. 23, 2020)....................................... 8, 12

*Carlson v. Green*, 446 U.S. 14 (1980) ...................................................................................11

*Chidume v. Greenburgh-North Castle Free Sch. Dist.*, 2020 U.S. Dist. LEXIS 78720

   (S.D.N.Y.  May 4, 2020) ...........................................................................................19

*Corso v. City of New York*, 2018 U.S. Dist. LEXIS 161113 (S.D.N.Y. Sept. 20, 2018) .........................................17

*Davis v. Passman*, 442 U.S. 228 (1979) ................................................................................ 8-9

*Diaz v. Mercurio*, 2020 U.S. Dist. LEXIS 38868 (S.D.N.Y. Mar. 5, 2020) ...............................................11

*Doninger v.Niehoff*, 642 F.3d 334 (2d Cir. 2011)...............................................................19

*Donofrio v. City of N.Y.*, 563 F. App'x 92 (2d Cir. 2014) .................................................9

*Farah v. Weyker*, 926 F.3d 492 (8th Cir. 2019) ............................................................. 8, 11

*Gonzalez v. City of Schendectady*, 728 F.3d 149 (2d Cir. 2013) ..............................................16

*Hernandez v. Mesa*, 140 S. Ct. 735 (2020) ..............................................................2, 5, 7

*Hudson Valley Black Press v. IRS*, 409 F. 3d 106 (2d Cir. 2005) ...............................................10

*Hunter v. Bryant*, 502 U.S. 224 (1991). ................................................................................19

*Jackson v. Seewald*, 2013 U.S. Dist. LEXIS 7733 (S.D.N.Y. Jan. 14, 2013) ........................17

*Lanning v. City of Glens Falls*, 908 F.3d 19 (2d Cir. 2018) ..............................................15-16

*MacFawn v. Kresler*, 88 N.Y.2d 859, 666 N.E.2d 1359, 644 N.Y.S.2d 486 (1996) ..............16

*Manganiello v. City of New York*, 612 F.3d 149 (2d Cir. 2010) ..........................................16

*Martinez v. D'Agata*, 2019 U.S. Dist. LEXIS 218107 (S.D.N.Y. Dec. 16, 2019) ................7, 9

*McIntosh v. United States*, 2016 U.S. Dist. LEXIS 44290 (S.D.N.Y. Mar. 31, 2016)..............18

*Mitchell v. City of New York*, 841 F.3d 72 (2d Cir. 2016) .................................................14

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) .........................................................................19

*Modest Needs Found. V. Bianco*, 2017 U.S. Dist. LEXIS 114107 (S.D.N.Y. July 21, 2017) ....8

*Nwanze v. Philip Morris Inc.*, 100 F. Supp. 2d 215 (S.D.N.Y. 2000).....................................18

*Oliveras v. United States Dep't of Homeland Sec. Investigations Special Response Team Officer Robert Basile*, 2020 U.S. Dist. LEXIS 32014 (S.D.N.Y. Feb. 25, 2020) ..................................................................8

*Pangburn v. Culbertson*, 200 F.3d 65 (2d Cir. 1999) ......................................................18

*Pearson v. Callahan*, 555 U.S. 223 (2009)..........................................................................19

*People v. Rose*, 52 Misc. 2d 648, 276 N.Y.S. 2d 450 (1967) ...............................................15

*Rivera v. Samilo*, 370 F. Supp. 3d 362 (E.D.N.Y. 2019) ......................................................9

*Sanusi v. Dep't of Homeland Sec.*, 2014 U.S. Dist. LEXIS 44030 (E.D.N.Y. Mar. 31, 2014)....13

*Shapiro v. Goldman*, 2016 U.S. Dist. LEXIS 107947 (S.D.N.Y. Aug. 15, 2016) .....................9

*Singleton v. New York*, 632 F.2d 185 (2d Cir. 1980) ...........................................................15

*Smalls v. Collins*, 2020 U.S. Dist. LEXIS 52213 (E.D.N.Y. Mar. 16, 2020) ..........................16

*Sommer v. Dixon*, 709 F.2d 173 (2d Cir. 1983)....................................................................18

*Sosa v. Bustos*, 2020 U.S. Dist. LEXIS 71362 (S.D.N.Y. April 22, 2020) .............................11

*Turkmen v. Hasty*, 789 F.3d 218 (2d Cir. 2015) .................................................................12

*Ulerio v. City of New York*, 2018 U.S. Dist. LEXIS 215166 (S.D.N.Y. Dec. 20, 2018)..........................................17

*United States v. Mizrahi*, 1980 U.S. Dist. LEXIS 15382 (S.D.N.Y. Nov. 20, 1980) ................................................15

*Walker v. Joon Kim*, 2020 U.S. Dist. LEXIS 73676 (S.D.N.Y. April 24, 2020).........................................18-19, 20

*Yan v. City of New York*, 2011 U.S. Dist. LEXIS 137549 (E.D.N.Y. Nov. 30, 2011)..................................14

*Ying Li v. City of New York*, 246 F. Supp. 3d 578 (E.D.N.Y. 2017) ................................................................. 16-17

*Young v. County of Fulton*, 160 F.3d 899 (2d Cir. 1998) ...........................................................................20

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)................................................................... 2, 5-6, 8, 9, 10, 11, 12

Defendant Johanna Santos submits this memorandum of law in support of her motion to dismiss all counts of the Complaint against her pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## PRELIMINARY STATEMENT

On April 18, 2018, Plaintiff Calvin Powell was arrested following a search of his three-family apartment house by members of the United Stated Drug Enforcement Agency ("DEA") New York Drug Enforcement Task Force, and New York City Police Department. Plaintiff alleges that law enforcement officers knowingly searched the third-floor apartment that was outside the scope of the search warrant, finding a large quantity of illegal drugs there. Plaintiff was subsequently arrested, jailed for approximately four and a half months and, after he moved to suppress evidence seized from the third-floor apartment, criminal charges were ultimately dismissed. Plaintiff now brings a 16-Count Complaint for false arrest and false imprisonment arising out of the alleged wrongful acts against the United States, the City of New York, the New York City Police Department ("NYPD") and numerous named and unnamed individual officers and detectives. The Claims are brought pursuant to the Federal Tort Claims Act (FTCA), 42 U.S.C. §1983, and *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*") as well claims under New York State law. Five counts of the Complaint name Defendant Johanna Santos, a Detective of the DEA's New York Drug Enforcement Task Force, along with Detective Fogarty and other unidentified "Agent Does". Each of these five claims against Detective Santos are purportedly brought pursuant to *Bivens,* and include claims for False Arrest (Count IV), Malicious Prosecution (Count V), 14th Amendment Claims (Count VI), Failure to Intercede (Count VII), and Civil Rights Conspiracy (Count VIII).

The Complaint makes numerous conclusory allegations against Detective Santos, including claiming that she was among a group of law enforcement officers that intentionally went beyond the scope of a duly executed search warrant to recover incriminating evidence. But according to the Complaint, it is clear that the only defendant who is alleged to have lied to the prosecutors is Detective Fogarty – Detective Santos'

then co-worker. Detective Fogarty procured the warrant, and purportedly relayed to prosecutors that the evidence seized was found within the bounds of the warrant. The one action that Detective Santos is alleged to have singularly done is purely ministerial: she signed an Affidavit for the court attaching an inventory of items prepared by New York police officers that listed the seized items, which is required by New York state criminal procedural law, and referred to generally as a "return" on the warrant. Because Detective Santos had the misfortune of assisting Detective Fogarty with the return on the warrant, she is now named in this federal *Bivens* action.

This Court should dismiss all of the claims against Detective Santos for numerous reasons. First, the Supreme Court's recent decision in *Hernandez v. Mesa*, 140 S. Ct. 735 (2020), which reiterated its test for new *Bivens* actions originally articulated in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), precludes extending a *Bivens* remedy to any of Plaintiff's constitutional claims. Moreover, were the Court to determine that the *Bivens* remedy were available, the claims still fail, because Plaintiff lumps Detective Santos in with other defendants using conclusory language and thereby fails to allege that Detective Santos was personally involved in the purported constitutional violations. Additionally, even if a *Bivens* claim could be alleged, Plaintiff fails to allege the requisite elements for his claims of malicious prosecution, failure to intercede, and conspiracy. Second, even if Plaintiff could state a claim for any constitutional violation, Detective Santos is entitled to qualified immunity. For all of these reasons, this Court should dismiss with prejudice the Complaint against Detective Santos in its entirety.

**BACKGROUND**

A.   Allegations as to the "Law Enforcement Officers"

Plaintiff Calvin Powell alleges that he was falsely arrested and falsely imprisoned after constitutional violations by a number of defendants. Compl. ¶ 1. According to the Complaint, defendant DEA Detective Sean Fogarty procured a search warrant for the first and second floors of a three-family private apartment house located at 3410 Barker Avenue in the Bronx. *Id.* ¶¶ 2, 45. Upon executing the search warrant on April

18, 2018, the "individual defendants" – also described generally as "law enforcement officers" – seized Mr. Powell and his family and searched his apartment on the first floor, but purportedly did not uncover any evidence of criminal activity. *Id.* ¶¶ 2, 39, 109. The Complaint does not define the individual law enforcement officers, but according to the case caption, in addition to DEA Detective Sean Fogarty, the group of individual defendants includes DEA Detective Johanna Santos, and a number of their unidentified DEA colleagues; NYPD Detective John Doherty and a number of his unidentified NYPD colleagues; and unidentified prosecutors from the Office of the Special Narcotics Prosecutor for the City of New York.

According to the Complaint, Detective Fogarty procured the search warrant, which was signed by the Honorable Laurie Peterson, to search the first and second floors of Plaintiff's premises. Compl. ¶¶ 45, 47. Plaintiff alleges that no incriminating evidence was found in the first-floor apartment, where Plaintiff resided, and alleges "[o]n information and belief" that no incriminating evidence was found in the second-floor apartment. *Id.* ¶¶ 50, 54. Plaintiff alleges that the law enforcement officers broke into the third-floor apartment, even though it was outside the bounds of the search warrant, and found a large quantity of drugs and evidence of criminal narcotics activity. *Id.* ¶¶ 3, 55. He also alleges that the law enforcement officers falsely claimed that they found the incriminating evidence within the bounds of the search warrant and purportedly falsified evidence to support that claim. *Id.* ¶¶ 3, 65. Specifically, the Complaint alleges that it was Detective Fogarty who "falsely told an Assistant District Attorney ("ADA") from the Office of the Special Narcotics Prosecutor that he and other law enforcement officers had searched only the first and second floors of 3410 Barker Avenue when they executed the search warrant" and that he purportedly falsely told the ADA that their search of the first and second floors had resulted in the discovery of drugs and other criminal evidence in Plaintiff's possession. *Id.* ¶¶ 79, 80.

Plaintiff was arrested, prosecuted, and imprisoned for approximately four and half months, but the charges were dismissed on September 12, 2018 at the prosecutor's request, following Plaintiff's motion to suppress evidence. Compl. ¶¶ 3, 102, 111.

B.   <u>Allegations Specific to Detective Santos</u>

In the Complaint, there is only one allegation specific to an action by Detective Santos alone. The Complaint alleges that she swore to an Affidavit of Inventory of Property Taken Under Search Warrant. Compl. ¶ 75. With respect to that Affidavit, the Complaint alleges that it falsely stated that the Property Clerk's Invoices created by Officer Doherty contained "a true and detailed account of all property" seized while executing the search warrant at 3410 Barker Avenue. *Id.* ¶ 75. It also alleges that the Affidavit did not correct Officer Doherty's purportedly false statement that Mr. Powell was the owner of the arrest evidence and where the arrest evidence had been found. *Id.* ¶ 76. Plaintiff contends that Detective Santos knew that the arrest evidence was found outside the bounds of their search warrant, but did not state that in the Affidavit. *Id.* ¶ 77. Finally, the Complaint alleges that Detective Santos knew that her affidavit would be provided to an assistant district attorney and used to prosecute Mr. Powell. *Id.* ¶ 78.

Otherwise, the Complaint only mentions Detective Santos specifically in less than a dozen paragraphs, all of which include her with other defendants. For example, she is alleged to be among a group of "law enforcement officers" who purportedly "destructively" searched the premises. Compl. ¶ 39. Plaintiff also alleges "upon information and belief" that (1) she was among the "law enforcement officers," including Detective Fogarty and Officer Doherty, who "deliberately went beyond the scope of the search warrant to search the third-floor private apartment" (*id.* ¶ 55), and that (2) she was among the "law enforcement officers" including Detective Fogarty and Officer Doherty, who agreed to falsely claim that they recovered criminal evidence within the scope of the warrant on the first and second floors of the premises. *Id.* ¶ 65. The Complaint also lumps her in with Detective Fogarty and Officer Doherty for purportedly knowingly preparing false arrest paperwork, that led to Plaintiff's prosecution. *Id.* ¶¶ 69, 70, 78, 82, 83, 90. Finally, Plaintiff alleges "on information and belief" that prosecutors spoke with Detective Santos, along with Detective Fogarty and Officer Doherty, prior to opposing his motion to suppress the property seized. *Id.* ¶¶ 103, 104.

4

## ARGUMENT

## I.   THIS COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST DETECTIVE SANTOS FOR FAILURE TO STATE A CLAIM

### A.  Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)

To survive a motion to dismiss, a plaintiff must plead sufficient factual allegations "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This means that the complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint, however, does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and brackets omitted). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B.  This Court Should Decline to Extend *Bivens* to Encompass Plaintiff's Claims

In *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017),  the Supreme Court stated  that a *Bivens* remedy has been recognized by the Supreme Court in only three contexts, and that  expanding the *Bivens* remedy beyond these specific contexts "is now a 'disfavored' judicial activity." *Id.* at 1857. Under *Abbasi*, courts need to engage in a bifurcated analysis to determine whether a case may proceed under a *Bivens* theory. First, a court must decide whether a claim "presents a new *Bivens* context." *Id.* at 1859. If so, then a court should proceed to a "special factors" analysis and consider "who should decide whether to provide for a damages remedy, Congress or the courts[.]" *Id.* at 1857. The Supreme Court held that "[t]he answer most often will be Congress." *Id.* Thus, "a *Bivens* remedy will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Id.* Recently, the Supreme Court reiterated this test in *Hernandez v. Mesa*, 140 S. Ct. 735 (2020), and cautioned that by finding a new *Bivens* claim – an implied claim – a court risks "arrogating legislative power". *Id.* at 741. The overarching theme is one of "caution", a clear disdain for expanding *Bivens*, and a repeat of its sentiment in *Abassi* that were the Supreme Court to decide

the only three cases in which the Supreme Court previously found a *Bivens* claim, "it is doubtful that [it] would have reached the same result." *Id.* at 742-43 (quoting *Abassi*).

Applying the Supreme Court's two-step analysis makes clear that Plaintiff's *Bivens* claims fall outside of the range of contexts where a *Bivens* remedy has been recognized. As a result, the Court should not extend *Bivens* to Plaintiff's claims against Detective Santos.

        1.    All Of Plaintiff's Claims Present a New *Bivens* Context

The three types of allowed *Bivens* claims are as follows: (1) a Fourth Amendment "claim against FBI agents for handcuffing a man in his own home without a warrant" (2) a Fifth Amendment "claim against a Congressman for firing his female secretary" and (3) an Eighth Amendment "claim against prison official for failure to treat an inmate's asthma." *Abbasi*, 137 S. Ct. at 1860. Any context different from these is considered "new". *See id.* at 1859. ("If the case is different in a meaningful way from [these] previous *Bivens* cases decided by [the Supreme] Court, then the context is new."). The Supreme Court's reading of *Bivens* is a demanding one, and "a modest extension is still an extension." *Id.* at 1864. This applies to situations where the difference is "small . . . in practical terms." *Id.* at 1865. "Given th[e Supreme] Court's expressed caution about extending the *Bivens* remedy . . . the new-context inquiry is easily satisfied." *Id.*

Thus, "the first question a court must ask . . . is . . . whether the case is different in a meaningful way from previous *Bivens* cases decided by this Court." *Abassi*, 137 S. Ct. at 1864 (internal quotations and citation omitted). Here, Plaintiff's claims that (1) he was falsely arrested pursuant to a warrant that covered some – but not all – of his premises (Count IV); (2) he was maliciously prosecuted following that arrest (Count V); (3) his 14th Amendment due process rights were violated by the withholding of exculpatory facts about the nature of the warrant and where the drugs were found (Count VI); (4) Detective Santos and others "failed to intercede" to protect his constitutional rights (Count VII); and (5) Detective Santos and others conspired to violate his constitutional rights (Count VIII). Each of these claims fall beyond the scope of the three *Bivens* contexts recognized by the Supreme Court.

### a. Count IV for False Arrest Presents a New Bivens Context

In *Bivens*, federal agents arrested the plaintiff after a warrantless search of his apartment. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 389 (1971). Here, Plaintiff alleges that there was a warrant to search two floors of plaintiff's apartment house but that the law enforcement officers deliberately went beyond the parameters of the warrant and searched the third floor. (Compl. ¶ 55). Just as the court recently found in *Oliveras*: "[t]he only similarities between Plaintiff's claim and that presented in *Bivens* are that some of the Defendants are federal agents and that Plaintiff alleges a violation of the Fourth Amendment. Beyond that lay numerous differences, all of which, whether considered separately or in the aggregate, amount to a meaningful difference." *See Oliveras v. United States Dep't of Homeland Sec. Investigations Special Response Team Officer Robert Basile*, 2020 U.S. Dist. LEXIS 32014 at *13-14 (S.D.N.Y. Feb. 25, 2020) (internal quotations and citation omitted) (dismissing false arrest and false imprisonment claims where plaintiff suffered injuries stemming from explosives used during execution of a warrant in her apartment building, and was forced to remain in her apartment by federal law enforcement officers); *Martinez v. D'Agata*, 2019 U.S. Dist. LEXIS 218107, *17-18 (S.D.N.Y. Dec. 16, 2019) (finding new context where arrest was made pursuant to a warrant outside the plaintiff's home).[1]

### b. Count V for Malicious Prosecution Presents a New Bivens Context

After *Abbasi*, the fact that Plaintiff's malicious prosecution claim arises under the Fourth Amendment, the same amendment as in *Bivens*, is not enough to place his claims in the same context as *Bivens*. *See Mesa*, 140 S.Ct. at 743 ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized.");

---

[1] The Complaint titles each of the five counts against Detective Santos as "42 U.S.C. § 1983" claims "Pursuant to *Bivens*". Section 1983 does not apply against federal employees. Local law enforcement officers assigned to the DEA, like Detective Santos, are acting in their capacity as federal employees, and are thus subject to *Bivens* actions. *See Aikman v. County of Westchester*, 691 F. Supp. 2d 496, 498-99 (S.D.N.Y. 2010). Notably, the Supreme Court views *Bivens* as a "more limited federal analog to § 1983". *See Hernandez*, 140 S. Ct. 735 at 747.

*Abbasi*, 137 S. Ct. at 1864. Plaintiff's malicious prosecution claim is materially different from *Bivens* in several respects. The injuries stemming from malicious prosecution involve a number of intervening steps: prosecutorial charging decisions; grand jury proceedings; and judges continuing his detention. "This indirect mechanism of injury bears little resemblance to the straightforward claims from *Bivens*." See, e.g., *Farah v. Weyker*, 926 F.3d 492, 499 (8th Cir. 2019) (holding no *Bivens* claim available for alleged illegal prosecution).

In a recent decision in the Northern District of New York, the court held that a malicious prosecution claim was "meaningfully different" from the Fourth Amendment claim in *Bivens* in part because, unlike in *Bivens*, the plaintiff was not alleging that the search was warrantless, or violated plaintiff's right to privacy. *See Butler v. Hesch*, 2020 U.S. Dist. LEXIS 49437, *34 (N.D.N.Y.  Mar. 23, 2020). And just like here, the plaintiff in *Hesch* claimed that the defendants "initiated and continued a prosecution against him without probable cause and that they misled prosecutors and the court by omitting material and exculpatory information when bringing charges against him." *Id.* at *34-35. In addition to *Hesch*, multiple courts have found, post-*Abbasi*, that purported *Bivens* claims of malicious prosecution present a new context. *See id.* at * 36-37 (collecting cases).

### c. Count VI for 14th Amendment Due Process Violation Presents a New Bivens Context

First, because Detective Santos was acting in her federal capacity as a member of the DEA's New York Drug Enforcement Task Force, the Fourteenth Amendment does not apply to her. *See Modest Needs Found. V. Bianco*, 2017 U.S. Dist. LEXIS 114107, *33 (S.D.N.Y. July 21, 2017); *see also* Compl. ¶ 18 (alleging that Detective Santos was acting under "color of Federal law"). Even if Plaintiff had alleged a Fifth Amendment due process violation, that too would not state a claim because the facts alleged present a new *Bivens* context. Plaintiff's allegation that his due process rights were violated by the withholding of exculpatory facts about the scope of the warrant and where the drugs were found is in stark contrast to the Fifth Amendment due process violation recognized as a *Bivens* action in *Davis v. Passman*, 442 U.S. 228

(1979), which dealt with employment discrimination.

       *d.   Count VII for Failure to Intercede Presents a New Bivens Context*

Plaintiff's claims that Detective Santos failed to intercede is meaningfully different from the three *Bivens* contexts recognized by the Supreme Court. *See Martinez*, 2019 U.S. Dist. LEXIS 218107 at *17 (declining to find a *Bivens* remedy for failure to intervene). Among other things, "the legal mandate under which the officer was operating is materially different," since "[t]he officers in *Bivens* arrested the plaintiff in his home without a warrant and without probable cause," whereas this case involves a search pursuant to a search warrant for two floor of plaintiff's residence, and plaintiff alleges that incriminating evidence was seized from the third floor, outside the bounds of the warrant. *Rivera v. Samilo*, 370 F. Supp. 3d 362, 369 (E.D.N.Y. 2019). And as the court in *Martina* noted, the officers in *Bivens* were DEA agents, whereas here (as in *Martinez*), Detective Santos is an appointed member of a federal task force. *Martinez*, 2019 U.S. Dist. LEXIS 218107, at *17-18.

       *e.   Count VIII for Civil Rights Conspiracy Presents a New Bivens Context*

For all of the above reasons, Plaintiff cannot state a *Bivens* claim for conspiracy. Not only would recognizing such a claim extend *Bivens* into a new context, but because each of the above alleged constitutional violations fail to assert a *Bivens* action, then the conspiracy action necessarily fails. *See Shapiro v. Goldman*, 2016 U.S. Dist. LEXIS 107947, *63-64 (S.D.N.Y. Aug. 15, 2016) (dismissing claim for conspiracy to violate plaintiff's civil rights where underlying allegations of constitutional violations failed); *see also Donofrio v. City of N.Y.*, 563 F. App'x 92, 94 (2d Cir. 2014) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails.").

Thus, because all of Plaintiff's claims present new contexts, this Court must consider the second step of the bifurcated process and analyze whether special factors counsel hesitation against implying a new *Bivens* remedy. *Abbasi*, 137 S. Ct. at 1857.

2. Special Factors Counsel Against Implying a *Bivens* Remedy for the New Contexts Plaintiff Presents

The special factors analysis counsels against extending a *Bivens* remedy to all of Plaintiff's claims against Detective Santos. "[A] *Bivens* remedy will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Abbasi*, 137 S. Ct. at 1857. In *Arar v. Ashcroft*, 585 F.3d 559, 574 (2d Cir. 2009), the Second Circuit stated: "the only relevant threshold – that a factor 'counsels hesitation' – is remarkably low. It is at the opposite end of the continuum from the unflagging duty to exercise jurisdiction. Hesitation is a pause, not a full stop, or an abstention; and to counsel is not to require. "Hesitation' is 'counseled' whenever thoughtful discretion would pause even to consider." *Id.* at 622.

In considering whether this low threshold is met, "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857-58. "[T]he existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Id.* at 1865. Instead, when "Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration," the Supreme Court has "not created additional *Bivens* remedies." *Hudson Valley Black Press v. IRS*, 409 F. 3d 106, 109 (2d Cir. 2005).

Here, Plaintiff has a potential, alternative method of relief through the FTCA, which provides for monetary damages for certain types of intentional torts, including claims for "false imprisonment," "false arrest," or "malicious prosecution," with "regard to acts or omissions of investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h). Indeed, Plaintiff has included such claims under the FTCA in his Complaint. *See* Compl., Counts I through III. [2]

---

[2] The existence of an "alternative remedy" under the FTCA is also a factor weighing against authorizing a new *Bivens* action. *See Abassi*, 137 S.Ct. at 1865.

Through its enactment of the intentional torts provision of the FTCA, Congress explicitly decided that the FCTA would provide a damages remedy for claims of false imprisonment, false arrest, and malicious prosecution by law enforcement officials, such as those brought by Plaintiff.  Although the Supreme Court previously considered the existence of the FTCA remedy in *Carlson v. Green*, 446 U.S. 14 (1980), and nevertheless recognized a *Bivens* remedy, *see id.* at 19-23, the Supreme Court's recent instructions in *Mesa* and *Abbasi* counsel hesitation here. *See Abdoulaye v. Cimaglia*, 2018 U.S. Dist. LEXIS 56167, at *18 (S.D.N.Y. Mar. 30, 2018) ("Although the Court in *Carlson* acknowledged the availability of an FTCA remedy before allowing that action to proceed, the *Abassi* court noted that *Carlson*, like the other previously approved *Bivens* actions, "might have been different if [it] were decided today"'). *Abassi,* 137 S. Ct. at 1856. In a recent decision, a court in this district followed the rationale in *Cimaglia*, and held that even a time-barred FTCA claim counselled hesitation in extending a *Bivens* remedy. *See Sosa v. Bustos*, 2020 U.S. Dist. LEXIS 71362, *14 (S.D.N.Y. April 22, 2020) (dismissing *Bivens* claims, noting that "[c]ourts in this District have therefore found that, post-*Abassi*, the FTCA as a potential remedy counsels hesitation in extending a *Bivens* remedy.") (internal quotations and citations omitted); *but see Diaz v. Mercurio*, 2020 U.S. Dist. LEXIS 38868, *16-17 (S.D.N.Y. Mar. 5, 2020) (noting that district courts have disagreed on whether the availability of an FTCA action precludes a *Bivens* remedy).

Additionally, allowing a damages remedy in a malicious prosecution *Bivens* action would risk interfering with state "investigative and prosecutorial functions." *Farah*, 926 F.3d at 500; *see also Abbasi*, 137 S. Ct. at 1861 ("Allowing a damages suit in this context . . . would require courts to interfere in an intrusive way with sensitive functions of the Executive Branch."). It creates "a risk that it would interfere with prosecutorial discretion, disincentivize law enforcement from sharing information with prosecutors, and disincentivize private citizens from sharing information with law enforcement." *Boudette v. Buffington,* 2019 U.S. Dist. LEXIS 140481, at *19-20 (D. Col. Aug. 19, 2019) (refusing to extend *Bivens* to malicious prosecution claim). Finally, the length of time Congress has gone without creating a *Bivens* remedy for the

types of claims asserted by Plaintiff also counsels against finding a new implied *Bivens* claim. *See Butler*, 2020 U.S. Dist. LEXIS 49437 at *36. All of these factors, and the availability of a tort remedy under the Federal Tort Claims Act, are sufficient to vault the "remarkably low" bar "counsel[ling] hesitation" against extending a *Bivens* remedy. *Arar*, 585 F.3d at 574.

Accordingly, this Court should dismiss all of Plaintiff's *Bivens* claims against Detective Santos.

### C.  Plaintiff Fails to Allege the Personal Involvement of Detective Santos

Even if Plaintiff could allege a viable *Bivens* claim, this Court should dismiss it against Detective Santos because the Complaint fails to allege her personal involvement. To allege a *Bivens* claim, a plaintiff must specifically allege that the defendant was personally involved in the purportedly unconstitutional conduct. *See Iqbal*, 556 U.S. at 677-78. To satisfy this requirement, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. The backbone of this requirement is that a government official "is only liable for his or her own misconduct". *Id.* at 677. Thus, "*Bivens* defendants are liable only if, through their own actions, they satisfy each element of the underlying constitutional tort." *Turkmen v. Hasty*, 789 F.3d 218, 250 (2d Cir. 2015), *rev'd in part, vacated and remanded in part on other grounds sub nom. Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

The Complaint includes only a singular allegation specific to an action by Detective Santos alone, alleging that she swore to an Affidavit of Inventory of Property Taken Under Search Warrant. Compl. ¶ 75. With respect to that Affidavit, the Complaint alleges that it falsely stated that the Property Clerk's Invoices created by Officer Doherty contained "a true and detailed account of all property" seized while executing the search warrant at 3410 Barker Avenue. Compl. ¶ 75. The only specific allegation against Detective Santos speaks to what she *did not* do, namely, that purportedly knowing that the arrest evidence was found outside the bounds of their search warrant, she failed to include in the form Affidavit "exculpatory information" that the evidence listed in the inventory was found outside the scope of the warrant and was

12

not possessed or controlled by the Plaintiff. (¶ 77). Notably, the Complaint does not allege how this "true and detailed" account of the items seized was in fact false, or whether in fact the Inventory of Property was in fact different from the items actually seized. There is no allegation that the list was in fact false. There is no allegation that Detective Santos fabricated or even exaggerated the contents of the items found. This limited allegation is not sufficient to establish a constitutional violation under *Bivens*.

Similarly, Plaintiff's reliance on group pleading is fatal to his claim. Plaintiff alleges that "law enforcement officers" knew that the search warrant did not authorize a search of the floor and that "law enforcement officer" – "including" Detective Santos, "upon information and belief" – exceeded the scope of the warrant by searching the third floor. Compl., ¶55. He also alleges that Detective Santos was among the "law enforcement officers" including Detective Fogarty and Officer Doherty, who agreed to falsely claim that they recovered criminal evidence within the scope of the warrant on the first and second floors of the premises. *Id.* ¶ 65. Notably, the Complaint alleges that the search warrant was "unlawfully procured by DEA Detective Sean Fogarty", and that it was this Detective who procured the search warrant to search only the first and second floors of the residence. *Id.* ¶¶ 2, 45. The search warrant was allegedly based on an affidavit prepared by Detective Fogarty. *Id.* ¶ 47. That affidavit allegedly stated that the third floor apartment was occupied by someone other than Plaintiff, and that that apartment was not part of the requested warrant. *Id.* ¶ 48. Detective Santos is then lumped in with Detective Fogarty (and Officer Doherty) as allegedly deliberately going beyond the scope of the search warrant to search the third-floor apartment. *Id.* ¶ 55.

Such pleadings are insufficient to state a claim under Rule 8, as they do not put Detective Santos on notice of what it is alleged that she did or did not do. *See Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (holding that complaint failed to satisfy Rule 8 by "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct"); *see also Sanusi v. Dep't of Homeland Sec.*, 2014 U.S. Dist. LEXIS 44030, *16 (E.D.N.Y. Mar. 31, 2014) (granting motion to dismiss where

plaintiff "broadly contends" that three defendants were responsible for his confinement, which was insufficient to establish personal involvement for *Bivens* action).

### D.  Plaintiff Fails to State a Claim for Malicious Prosecution

The elements of a malicious prosecution claim include that a plaintiff must "demonstrate: (i) the commencement or continuation of a criminal proceeding against her; (ii) the termination of the proceeding in her favor; (iii) that there was no probable cause for the proceeding; and (iv) that  the proceeding was instituted with malice." *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016). As an initial matter, Plaintiff cannot plausibly allege that Detective Santos played any active role in the initiation or continuation of Plaintiff's prosecution. *Yan v. City of New York*, 2011 U.S. Dist. LEXIS 137549, at *29-30 (E.D.N.Y. Nov. 30, 2011)  (holding that sergeant who did not have plaintiff arraigned and who did not sign affidavits in support of criminal complaint did not initiate prosecution). Here, there is no allegation in the Complaint demonstrating that Detective Santos directed prosecutors or that she had any involvement in the decision to charge Plaintiff. Plaintiff offers nothing beyond the conclusory allegations that Detective Santos, grouped in with other defendant, "caused" the arrest and subsequent prosecution. (Compl. ¶ 144). Indeed, although Plaintiff alleges generally that Detective Santos, along with other named and unnamed defendants "intentionally withheld information" and made misrepresentations to prosecutors and the grand jury, (Complaint ¶145), the Complaint is in fact devoid of any specific allegations as to her. She is not alleged to have signed the criminal complaint; instead it is defendant Fogarty who is alleged to have submitted the necessary affidavit to procure the search warrant (Compl. ¶¶47, 48), and who allegedly falsely told the prosecutor that drugs and other criminal evidence were found during a search of the first and second floors. (Compl. ¶¶ 47, 48). The Complaint alleges that Detective Santos swore to an Affidavit of Inventory of Property Taken Under Search Warrant that "falsely" stated that the Property Clerk's Invoices created by Officer Doherty contained "a true and detailed account of all property" seized from the premises. (Compl. ¶ 75). This is a ministerial "return" on a warrant in which an inventory of the items taken

pursuant to a search warrant is reported to the court that had issued the warrant. *See NY CPL § 690.50(5)* ("Upon seizing property pursuant to a search warrant, a police officer must without unnecessary delay return to the court the warrant and the property, and must file therewith a written inventory of such property, subscribed and sworn to by such officer."); *see also People v. Rose*, 52 Misc. 2d 648, 649, 276 N.Y.S. 2d 450 (1967) (noting that the return of a search warrant is a ministerial act, and failure to provide receipt of seized items to defendant did not void the search); *United States v. Mizrahi*, 1980 U.S. Dist. LEXIS 15382, *8 (S.D.N.Y. Nov. 20, 1980) (noting that "it appears that §690.55 relates primarily, if not exclusively, to the ministerial preservation of evidence rather than the protection of privacy"). Plaintiff does not allege that any of aspect of the items listed in this *inventory* was false. As alleged, Detective Santos effectively signed off on a true and correct inventory of the seized items. Plaintiff alleges that Detective Santos "did not correct Officer Doherty's false statement that Mr. Powell was the owner of the arrest evidence and where the arrest evidence had been found." (*Id.* ¶76). This does not rise to the level of playing any active role in the initiation or continuation of plaintiff's prosecution.

Second, Plaintiff has not made allegations necessary for the Court to conclude that that the underlying criminal proceeding ended in a manner that "affirmatively indicated his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018). In other words, "[p]roceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate that the accused is not guilty." *Id.* at 26 (quoting *Singleton v. New York*, 632 F.2d 185, 193 (2d Cir. 1980). When a plaintiff's innocence or guilt is left open by the termination of his criminal charges, a malicious prosecution claim must fail. *Lanning*, 908 F.3d at 26. Plaintiff has not "plausibly alleged that any of the criminal proceedings against him were terminated in a manner indicating his innocence." *Id.* at 29. Here, the Complaint alleges that criminal charges against Plaintiff were "eventually dismissed by request of the Office of Special Narcotics prosecutor when evidence surfaced that proved where the criminal evidence had actually been found." (Compl. ¶3). This does not meet the standard set forth in *Lanning*. Plaintiff conclusorily alleges that he is

"completely innocent of the criminal charges" stemming from the April 18 search (Compl. ¶126), but the Complaint alleges that the prosecutor dismissed all criminal charges after "conced[ing] that the drugs and other criminal evidence … had been recovered from the third apartment." Compl. ¶¶ 109, 111. The Complaint does not allege that there was a determination that none of the seized criminal evidence was in fact owned by Plaintiff, and there certainly has not been any "final disposition" that Plaintiff was not guilty of the criminal conduct. *See Gonzalez v. City of Schenectady*, 728 F.3d 149, 162 (2d Cir. 2013) (upholding dismissal of malicious prosecution claim, finding that termination of criminal proceedings did not indicate innocence when it was based on suppression of evidence); *see also Smalls v. Collins*, 2020 U.S. Dist. LEXIS 52213, *24-25 (E.D.N.Y. Mar. 16, 2020) (citing cases in 2nd Circuit finding that termination of a criminal prosecution was not "favorable" when it was based on suppression of evidence, and holding that circumstances of suppression of evidence did not "affirmatively indicate" plaintiff's innocence); *MacFawn v. Kresler*, 88 N.Y.2d 859, 860, 666 N.E.2d 1359, 644 N.Y.S.2d 486 (1996) ("A criminal proceeding terminates favorably to the accused, for purposes of a malicious prosecution claim, when the final disposition of the proceeding involves the merits and indicates the accused's innocence.").

Third and finally, Plaintiff has not alleged malice. "To plead a malicious prosecution claim, Plaintiff must also allege malice for each of the Defendants." *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 614 (E.D.N.Y. 2017). "'[M]alice may be shown by proving that the prosecution complained of was undertaken from improper or wrongful motives, or in reckless disregard of the rights of the plaintiff.'" *Manganiello v. City of New York*, 612 F.3d 149, 160 (2d Cir. 2010). Plaintiff alleges that "specifically, these defendants acting individually and in concert, fabricated evidence and intentionally withheld from and misrepresented to prosecutors and the grand jury exculpatory facts that vitiated probable cause against Mr. Powell." (Compl. ¶ 145). As discussed above, the Complaint alleges that *Detective Fogarty* falsely told the prosecutor that drugs and other criminal evidence were found during a search of the first and second floors. (Compl. ¶¶ 47, 48). As to Detective Santos, plaintiff lumps Detective Santos in with other defendants and conclusorily alleges

that they "prepared false and misleading arrest paperwork which was forwarded to" the prosecutor. (Compl. ¶ 69). This pleading is insufficient. *See Ying Li*, 246 F. Supp. 3d at 615 (Plaintiff "fails to allege any facts upon which to plausibly infer that *each* of the City Defendants acted out of this improper motive, and instead categorically states that they *all* had the same improper motive. Such conclusory allegations are not enough to infer malice on the part of all City Defendants"). Thus, even if Plaintiff could assert a *Bivens* claim for malicious prosecution, it fails to state claim.

### E.       Plaintiff Fails to State a Claim for Failure to Intercede

Plaintiff alleges that Detective Santos and other named and unnamed defendants failed to intercede to prevent his arrest, imprisonment and prosecution. "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know of a constitutional violation, provided that she has a realistic opportunity to intervene to prevent the harm from occurring." *Ulerio v. City of New York*, 2018 U.S. Dist. LEXIS 215166, *17 (S.D.N.Y. Dec. 20, 2018) (internal quotations and citation omitted). However, "[w]here the officer is a direct participant in the allegedly unlawful conduct, the failure to intervene theory of liability is inapplicable." *Id.* (internal quotations and citation omitted). Here, the Complaint alleges Detective Santos' purported participation in unlawful conduct (*see, e.g.* Compl. ¶ 120), but also conclusorily alleges that she and other defendants "had opportunities to intercede on behalf of Calvin Powell to prevent his false arrest, malicious prosecution, false imprisonment, and deprivation of liberty without due process of law" but failed to do so. (Compl. ¶ 157). "A conclusory allegation of this type does not plausibly allege that either officer was not directly involved in causing the constitutional harm or that that officer had an opportunity to intervene." *Corso v. City of New York*, 2018 U.S. Dist. LEXIS 161113, *30 (S.D.N.Y. Sept. 20, 2018).  Thus, even if Plaintiff could assert a *Bivens* claim for failure to intercede, the claim should be dismissed. *See Jackson v. Seewald*, 2013 U.S. Dist. LEXIS 7733, *37 (S.D.N.Y. Jan. 14, 2013) (dismissing failure to intercede claim based on conclusory allegations).

### F.  Plaintiff Fails to State a Claim for Conspiracy

Even if Plaintiff could state a *Bivens* conspiracy claim, his conspiracy claim fails for the additional reason that Plaintiff has not adequately alleged: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).[3] Furthermore, because of the relative ease with which conspiracy allegations may be brought, and the substantial disruption of governmental function that they can cause, federal courts require more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive the plaintiff of his constitutional rights." *Nwanze v. Philip Morris Inc.*, 100 F. Supp. 2d 215, 219 (S.D.N.Y. 2000). Accordingly, "[b]road allegations of conspiracy are insufficient; the plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Arar*, 585 F.3d at 569.

But here, the Complaint merely asserts the elements of conspiracy in a conclusory fashion in Count VIII, without any factual allegations to support that count. *See* Compl. ¶¶ 162, 163 (alleging that all of the federal law enforcement officers conspired to deprive Plaintiff's constitutional rights). Those bald assertions do not state a conspiracy claim. *See Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."). Thus, as this court noted in dismissing allegations of conspiracy: "[t]o state a legal truism, just because a litigant posits the existence of a conspiracy does not make it plausible." *McIntosh v. United States*, 2016 U.S. Dist. LEXIS 44290, *53 (S.D.N.Y. Mar. 31, 2016). Accordingly, this Court should dismiss the conspiracy claim. *See Walker v. Joon Kim*, 2020 U.S. Dist. LEXIS 73676, *39-40 (S.D.N.Y. April 24, 2020) (report and recommendation of

---

[3] These elements are based on a Section 1983 action for conspiracy.

dismissal of conspiracy claim, and noting that "[e]ven if [plaintiff's] allegations of the Federal Defendants' conduct in obtaining the arrest warrant and suborning perjury from the witnesses in the proffer sessions and at trial could satisfy the third, over act, element of a conspiracy claim, he fails to plead that the Federal Defendants agreed to act in concert to violate his constitutional rights").

## II.   PLAINTIFF'S CLAIMS AGAINST DETECTIVE SANTOS ARE BARRED BY THE DOCTRINE OF QUALIFIED IMMUNITY

Even assuming that Plaintiff's claims against Detective Santos were properly plead, his claims fail because they are barred by qualified immunity. Qualified immunity is an "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). A defendant can properly raise a qualified immunity defense in a pre-answer 12(b)(6) motion to dismiss. *See Chidume v. Greenburgh-North Castle Free Sch. Dist.*, 2020 U.S. Dist. LEXIS 78720, *23 (S.D.N.Y.  May 4, 2020) ("When a defendant raises a qualified immunity defense in a 12(b)(6) motion to dismiss, the defendant must accept that the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.") (internal citation and quotations omitted). Indeed, qualified immunity should be addressed "at the earliest possible stage in the litigation". *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). This is to ensure that officials are "free . . . from the concerns of litigation, including avoidance of disruptive discovery". *Iqbal*, 556 U.S. at 685 (internal quotations and citation omitted).

In order for Plaintiff to overcome a claim of qualified immunity, he needs to establish that Detective Santos violated a "clearly established" constitutional or statutory right. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009). For a constitutional or statutory right to be "clearly established", courts look "to whether (1) it was defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has confirmed the existence of the right, and (3) a reasonable defendant would have understood that his conduct was unlawful." *Doninger v.Niehoff*, 642 F.3d 334, 345 (2d Cir. 2011). If a reasonable person in Detective Santos' position should not have known about the constitutionality of her conduct, the

purported right is not "clearly established". *See id.* at 345-46. Qualified immunity thus "protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quotation and citation omitted).

As stated above, the facts alleged are insufficient to establish a constitutional violation. Moreover, even assuming that it did, such a right was not "clearly established" by the Supreme Court or the Second Circuit at the time of the alleged violations. *See Young v. County of Fulton*, 160 F.3d 899, 903 (2d Cir. 1998). The allegation that Detective Santos omitted to include any additional statement correcting a purportedly false statement as to which apartment was searched and that Plaintiff was not the resident of that apartment is insufficient to overcome qualified immunity. Such a failure to affirmatively include this information in the ministerial form Affidavit does not rise to the level of a knowing violation of law.[4] Similarly, Detective Santos also enjoys qualified immunity on all claims arising out of Plaintiff's purported false arrest because she was entitled to rely on the search warrant signed by a judge. *See Walker*, 2020 U.S. Dist. LEXIS 73676 at *31-33. Moreover, the Complaint alleges that it was Detective Fogarty, not Detective Santos, who falsely told the prosecutor that the incriminating evidence was found during a search of the first and second floors of the Plaintiff's home. (Compl., ¶¶ 80-81). Accordingly, since Plaintiff has not plausibly alleged conduct by Detective Santos that the Second Circuit or Supreme Court has found to comprise a constitutional violation, she is entitled to qualified immunity.

---

[4] For the reasons discussed above, Plaintiff's conclusory allegations lumping Detective Santos in with other defendants are insufficient to make out causes of action against her, as is the failure to allege her personal involvement in the alleged conduct. *See, e.g.* Compl. ¶¶ 82, 83 (conclusorily alleging that the prosecutor relied on "false information provided by Detective Fogarty, Detective Santos, Police Officer Doherty, and other defendant law enforcement officers").

## CONCLUSION

For all of the above reasons, Plaintiff's claims against Detective Santos should be dismissed in their entirety with prejudice.

Dated:        New York, New York
              May 21, 2020

                                        Respectfully submitted,


                                        SERPE RYAN LLP

                                        By: _____/s/Silvia L. Serpe_____
                                            Silvia L. Serpe
                                            Paul W. Ryan
                                            16 Madison Square West
                                            New York, New York 10010
                                            (212) 257-5010
                                            sserpe@serperyan.com
                                            pryan@serperyan.com

                                        *Attorneys for Defendant Johanna Santos*