UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CALVIN POWELL,

                                  Plaintiff,                        **~~PROPOSED~~ STIPULATION AND PROTECTIVE ORDER**

      -against-

UNITED STATES OF AMERICA; United States Drug
Enforcement Agency ("DEA"); Detectives SEAN
FOGARTY, JOHANNA SANTOS and "JOHN and/or                     **19-CV-11351 (AKH)**
JANE DOES" Nos. 1, 2, 3, etc. in their individual
capacities; THE CITY OF NEW YORK, a municipal
entity; NEW YORK CITY POLICE DEPARTMENT
("NYPD"); Police Officers JOHN DOHERTY and
"RICHARD and/or RACHEL ROES" Nos. 1, 2, 3, etc., in
their individual capacities; Investigators and Officials
of The Office of the Special Narcotics Prosecutor for the
City of New York; and "STANLEY and/or SALLY SOES"
Nos. 1, 2, 3, etc., in their individual capacities,

                                  Defendants.
------------------------------------------------------------------------X

       **WHEREAS,** the parties to the above-captioned action anticipate that discovery will include information which is sensitive, confidential and/or personal in nature; and in the interest of protecting confidential information while at the same time permitting discovery to proceed without delay occasioned by disputes regarding such information; and

       **WHEREAS,** the parties have agreed to protect information subject to this Confidentiality Stipulation from disclosure or use in any other litigation or activity, or for any purpose other than that listed herein; and

       **WHEREAS,** the parties have agreed that this Confidentiality Stipulation provides for the disclosure of confidential information under an "Attorneys' Eyes Only" provision;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by, between

and among the undersigned counsel for the parties herein, as follows:

1. The parties hereby stipulate and agree that the term "Attorney's Eyes Only" shall mean that the information is confidential and the following is considered "Attorney's Eyes Only": (i) any and all information, files, documents and materials contained in the Yonkers Police Department personnel and disciplinary-related files of Defendant Sean Fogarty and the Mount Vernon Police Department personnel and disciplinary-related files of Defendant Johanna Santos.

2. This Confidentiality Order applies to information, documents, testimony and things subject to discovery in this proceeding, be it through depositions, interrogatories, document production or any other discovery device pursuant to the Federal Rules of Civil Procedure, which contain non-public, confidential information designated as "Attorney's Eyes Only" pursuant to the terms of this Order.

3. Each party that produces or discloses any Confidential Information may designate the same as "Attorney's Eyes Only", including but not limited to any information not readily available to the general public, including any information, documents or item, or any portion therefrom, that contains private or confidential information as designated in paragraph 1 above.

4. Materials designated as "Attorney's Eyes Only" shall be used or disclosed solely in this action and in accordance with the provisions of this Stipulation. Materials designated as "Attorney's Eyes Only" shall not be used in any other litigation, for any other purpose, or disclosed or made available to any person or entity who is not expressly authorized to review the same under the terms and conditions of this Stipulation, except (a) with consent of the producing party, or (b) in accordance with an Order of the Court. The limitations of

disclosure of materials designated as "Attorney's Eyes Only" apply to both the parties and their respective counsel.

5. Plaintiff's counsel may not show or discuss materials designated as "Attorney's Eyes Only" with Plaintiff. Defendants' counsel may not show or discuss materials designated as "Attorney's Eyes Only" with Defendants, except that Defendant Fogarty may review his materials designated as "Attorney's Eyes Only" and Defendant Santos may review her materials designated as "Attorney's Eyes Only".

6. Materials designated as "Attorney's Eyes Only" may be disclosed to the Court in connection with any filing or proceeding in this action, but the disclosing party shall move the Court for leave to file under seal said documents deemed "Attorney's Eyes Only". The parties hereby agree that any such materials shall be kept under seal unless and until the Court directs otherwise.

7. Any deposition testimony given in this action or any portion thereof, or any deposition exhibits or any portion thereof, relating to materials designated as "Attorney's Eyes Only" shall be included within the terms of this Stipulation. If a deposition or any part thereof, or any exhibit thereto, contains or refers to materials designated as "Attorney's Eyes Only", the deposition transcript and exhibits shall be kept on a confidential basis and if filed with the Court, shall be filed in accordance with this Stipulation.

8. Nothing in this Stipulation shall preclude any party or its representative from discussing with any other person the progress, theories, or legal strategies applicable in this action, as long as the contents of the materials designated as "Attorney's Eyes Only" are not disclosed. Other than by Court Order, "Attorney's Eyes Only" Information may be

3

disclosed only in accordance with this Stipulation.

9. If any party objects to the designation of particular documents as "Attorney's Eyes Only", they shall state such objection in writing to the other parties, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within fourteen (14) days of receiving the opposing parties' response to any party's objection, that party shall seek judicial intervention. Any such materials or information shall remain designated as "Attorney's Eyes Only" until the parties resolve the objection or there is a resolution of the designation by the Court.

10. Nothing in this Order constitutes an admission or agreement that any documents or information is subject to discovery or is admissible as evidence in this case, and nothing in this Consent Order shall be construed to prohibit or limit the parties' attorneys from seeking to mark or introduce materials designated as "Attorney's Eyes Only" at any deposition taken in, or at the trial of, this action.

11. Counsel for the receiving party shall notify counsel for the producing party in writing within five (5) business days after becoming aware of any loss, theft, or unauthorized copying or disclosure of materials designated as "Attorney's Eyes Only", and shall take all steps reasonably necessary and available to retrieve such protected materials and prevent any further unauthorized access or dissemination.

12. Within sixty (60) calendar days of the termination of this action by settlement or by judgment and the expiration of any and all appeals, all parties shall return to counsel for the producing party all materials designated as "Attorney's Eyes Only" received from such party including all copies, prints, summaries, and other reproductions of such information, in

the possession of the parties, their counsel, or retained experts or consultants. As an alternative to returning all or part of any materials designated as "Attorney's Eyes Only", parties may certify to counsel for the producing party that they have shredded all unreturned materials designated as "Attorney's Eyes Only". Notwithstanding the foregoing, counsel for each party may retain pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate materials and information designated as "Attorney's Eyes Only".

13. This Stipulation and the agreements embodied herein shall survive the termination of this action and shall continue in full force and effect.

14. This Stipulation does not preclude any party from moving to have any other information or material designated as protected in accordance with the rules of the Court. Any such additional information or material designated by the Court as protected shall be treated as "Attorney's Eyes Only" pursuant to the terms of this Stipulation.

15. This Stipulation is entered into without prejudice to the right or any party to seek additional protections if it believes the protections of this Order are not applicable or are inadequate. Nothing herein precludes any producing party from seeking such different or additional protection.

16. This Stipulation shall be fully binding on and enforceable against the parties hereto and their undersigned counsel, as well as any successor counsel appearing in this litigation.

Marc A. Cannan
Beldock Levine & Hoffman LLP
99 Park Avenue, 26th Floor
New York, New York 10016
*Attorney for Plaintiff*

By: _____
Marc A. Cannan

Jennifer C. Simon
Assistant United States Attorney
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
*Attorney for United States*

By: _____
Jennifer C. Simon

Silvia L. Serpe
Serpe Ryan LLP
16 Madison Square West
New York, New York 10010
*Attorney for Defendant Santos*

By: _____
Silvia L. Serpe

James E. Johnson
Corporation Counsel of the
City of New York
100 Church Street
New York, New York 10007
*Attorney for City Defendants*

By: _____
Zachary Kalmbach

Andrew C. Quinn
The Quinn Law Firm, PLLC
399 Knollwood Road, Suite 220
White Plains, New York 10603
*Attorney for Defendant Fogarty*

By: _____
Andrew C. Quinn

SO ORDERED:

/s/ Hon. Alvin K. Hellerstein

_____
HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

Dated: March 23 , 2021

6