UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
CALVIN POWELL,                                                :
                                                              :
                                                              :   ORDER DENYING MOTION
                                                              :   TO COMPEL
                        Plaintiff,                            :
                                                              :
        -against-                                             :   19 Civ. 11351 (AKH)
                                                              :
                                                              :
                                                              :
UNITED STATES OF AMERICA, et al.,                             :
                                                              :
                        Defendants.                           :
------------------------------------------------------------- x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

In this civil rights lawsuit, Plaintiff Calvin Powell seeks to compel various documents from non-party the Office of the Special Narcotics Prosecutor for the City of New York ("OSNP"). Specifically, Plaintiff seeks production of "notes that an OSNP Assistant District Attorney ("ADA") took while interviewing the cooperating informant to prepare the request for a search warrant for Plaintiff's apartment house, an unredacted copy of the search warrant application, and transcripts of any proceedings before the criminal court pursuant to the search warrant application." Pl. Mot. at 1. Plaintiff also seeks to compel OSNP to produce a privilege log covering any materials withheld pursuant to privilege. In response, OSNP argues the relevant materials are protected by the law enforcement privilege and attorney work product privilege. For the reasons that follow, the motion is denied.

## BACKGROUND[1]

In 2018, Plaintiff Powell owned a three-story apartment building with one unit on each floor. Plaintiff lived in the first-floor unit with his family while tenants occupied the

---

[1] The factual background of this case is fully detailed in my Opinion & Order Granting in Part and Denying in Part Defendant Johanna Santos' Motion to Dismiss ("Santos MTD Opinion").

second- and third-floor units. On April 18, 2018, the Defendants and other law enforcement officers executed a search warrant for the first and second floors of Powell's apartment building. The warrant was procured after Defendant Fogarty, Defendant Johanna Santos, OSNP ADA Justin Ashenfelter, and other law enforcement members met with an informant and used the information learned at that meeting as the basis for the warrant. At that meeting, ADA Ashenfelter took notes which he used to draft the warrant. After a hearing, a criminal court judge approved the warrant and members of law enforcement carried out the search of Plaintiff's apartment.

The officers found no contraband on the first or second floors. Although the warrant was limited to the first two floors of the building, the officers exceeded the scope of the warrant and searched the third-floor apartment unit and a closet on the third-floor landing. There, the officers discovered powder cocaine, crack cocaine, drug paraphernalia, and a quantity of cash. After this discovery, the officers collectively agreed to falsely claim that they found the contraband in Powell's possession and within the scope of the warrant.

Powell was then arrested and taken into custody. In connection with Plaintiff's arrest and detention, the officers prepared false arrest paperwork and forwarded it to an Assistant District Attorney at the Office of the Special Narcotics Prosecutor. In particular, Agent Edward Maher signed off on paperwork that contained false and misleading information, even though he knew it would be used to prosecute Plaintiff. That is precisely what happened. Plaintiff was charged and indicted on five counts in New York state criminal court and remained in custody. In those criminal proceedings, Plaintiff's attorney moved to suppress all the property seized from the third floor of the apartment. In response, the prosecutor denied that any of the evidence had been seized unlawfully, citing a review of police reports and "discussions with the police officers

---

The parties' familiarity with the facts is presumed, and I provide only a cursory summary for context.

involved in this matter." SAC ¶ 112.  As a result of a court-ordered inspection of the apartment and review of photos taken during the seizure, the prosecution conceded that the contraband had been seized from the third floor and all criminal charges were dismissed on September 12, 2018.

Plaintiff filed this suit in December 2019.  After deciding multiple motions to dismiss, discovery is nearly complete.  However, on July 2, 2021 Plaintiff served the OSNP with a subpoena seeking a copy of the case file for criminal prosecution underlying the instant case.  After counsel for Plaintiff and the OSNP exchanged correspondence, they ultimately reached an impasse.  Now, Plaintiff seeks production of "notes that an OSNP Assistant District Attorney ("ADA") took while interviewing the cooperating informant to prepare the request for a search warrant for Plaintiff's apartment house, an unredacted copy of the search warrant application, and transcripts of any proceedings before the criminal court pursuant to the search warrant application," as well as production of a privilege log. Pl. Mot. at 1.

## DISCUSSION

### I. Law Enforcement Privilege

#### A. Applicability of the Privilege

OSNP has satisfied its burden of showing the law enforcement privilege applies, but only barely.  "[T]he party asserting the law enforcement privilege bears the burden of showing that the privilege indeed applies to the documents at issue." *In re the City of New York*, 607 F.3d 923, 948 (2d Cir. 2010) (quoting *In re Sealed Case*, 856 F.2d 268, 272 (D.C.Cir.1988)).  For the privilege to apply, the party asserting the privilege must show that the materials sought contain "information pertaining to 'law enforcement techniques and procedures,'" or information that falls into any one of another four categories.  *Id.* (quoting *In re Dep't of Investigation of the City of N.Y.*, 856 F.2d 481, 484 (2d Cir.1988)).  It is within the power of a federal district court to issue an order compelling production of materials sealed by state court order.  *See Bertuglia v. City of New York*, 2014 WL 626848, at *1 (S.D.N.Y. Feb. 18, 2014).

In support of its position, OSNP simply asserts that "the April 18, 2018 Search Warrant Affidavit and supporting documentation are exactly the type of documents that would warrant protection under the law enforcement privilege because they directly relate to law enforcement procedures."[2]  OSNP Opp. at 1–2.  Such an assertive, bare bones recital of the law enforcement privilege provides a limited basis for me to conclude that the documents in question "relate to law enforcement procedures."  *See Benn v. City of New York*, 2019 WL 6717186, at *2 (S.D.N.Y. Dec. 10, 2019); *Pegoraro v. Marrero*, 2012 WL 1948887, at *8 (S.D.N.Y.  May 29, 2012).  However, the language of the Search Warrant Affidavit indicates it related to law enforcement procedures by referencing a "long-term investigation" in the same paragraph as a block of redacted text.  *See United States v. Alimehmeti*, 284 F.Supp.3d 477, 493 (S.D.N.Y. 2018).  For the same reason, ADA Ashenfelter's notes and any records or transcripts of the proceedings pursuant to the search warrant application may also have been related to law enforcement procedures.

### B. Plaintiff's Need for the Materials

Under the circumstances, Plaintiff has not satisfied his burden to justify lifting the privilege.  Because the law enforcement privilege is only a qualified privilege, I must balance the public interest in nondisclosure against Plaintiff's need for the information.  *In re the City of New York*, 697 F.3d at 948.  In doing so, I recognize that there is a "strong presumption against lifting the privilege." *Id.*  To rebut that presumption, "the party seeking disclosure bears the burden of showing (1) that the suit is non-frivolous and brought in good faith, (2) that the information sought is not available through other discovery or from other sources, and (3) that the party has a compelling need for the privileged information." *New York v. Mayorkas*, 2021

---

[2] The U.S. Department of Justice already revealed the identity of the confidential informant to Plaintiff's counsel, so that cannot be the basis of the law enforcement privilege in this context.

4

WL 2850631, at *12 (S.D.N.Y. Jul. 8, 2021) (quoting *In re the City of New York*, 607 F.3d at 948).

There is no doubt that Plaintiff's suit is non-frivolous and brought in good faith, and OSNP does not contest that Plaintiff satisfies the first factor. With respect to the second factor, Plaintiff has already obtained some of the relevant information from depositions. Additionally, Plaintiff has yet to depose Defendants Maher and Tamweber, and will have the opportunity to pose further questions at their depositions. Plaintiff's claimed need to test the veracity of statements the defendants have made at various points in the litigation is insufficient to show that Plaintiff cannot obtain the relevant information through other means. *See United States v. Hossain*, 2021 WL 4272827, at *8 (S.D.N.Y. Sept. 21, 2021) (finding purported need to cross examine witness insufficient to overcome presumption of law enforcement privilege).

Finally, with respect to the third factor, Plaintiff has not demonstrated a compelling need for the information. Regardless of what the confidential informant told law enforcements, the warrant itself only provided authorization to search the first two floors of Plaintiff's apartment. The exact information the confidential informant provided is irrelevant to whether Defendants exceeded the scope of the warrant.[3] In any case, Plaintiff's assertions as to the purported need for the materials are insufficient to adequately rebut the presumption that the privilege applies. *See Edwards v. Schoenig*, 2014 WL 4638935, at *3 (S.D.N.Y. Sept. 16, 2014).

---

[3] Neither party has addressed the potential applicability of at-issue waiver. Under that doctrine, "in certain circumstances a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted . . . . [T]his kind of unfairness may arise when a party advances a claim to a court . . . while relying on its privilege to withhold from a litigation adversary materials that the adversary might need to effectively contest or impeach the claim." *N.Y. Times Co. v. U.S. Dep't of Just.*, 939 F.3d 479, 495 (2d Cir. 2019). To the extent any Defendants seek to rely on what the confidential informant told them to argue that the search of the third floor was justified, it may be that Defendants waived any applicable privilege.

## II. Work-Product Privilege

The work product privilege applies to the witness interview notes of OSNP Assistant District Attorney Justin Ashenfelter. OSNP claims the notes are subject to the attorney work-product privilege by pointing out that "notes made by the Assistant District Attorney while interviewing a confidential informant for the purposes of furthering a criminal prosecution are also protected by the Attorney Work Product privilege." Opp. at 1. That cursory invocation is sufficient, but only just, for OSNP to take advantage of the privilege.

Typically, under Rule 26, materials "prepared by or at the behest of counsel in anticipation of litigation or for trial" receive qualified protection. *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir.2003); *see* Fed R. Civ. P. 26(b)(3). However, because OSNP is a non-party Rule 26 does not afford it protection. Even so, the work-product doctrine as articulated in *Hickman v. Taylor*, 329 U.S. 495, 508, (1947) and its progeny can apply, even to non-parties. *See United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir.1998); *Crosby v. City of New York*, 269 F.R.D. 267, 277 (S.D.N.Y. 2010). In particular, courts in this district have extended work-product protection under *Hickman* for three purposes: "[1] protecting an attorney's ability to formulate legal theories and prepare cases, [2] preventing opponents from 'free-loading' off their adversaries' work, and [3] preventing interference with ongoing litigation." *Schomburg v. New York City Policy Dep't*, 298 F.R.D. 138, 142–43 (S.D.N.Y. 2014) (quoting *Crosby*, 269 F.R.D. at 277).

With respect to the first purpose, the notes were taken in connection with a witness interview, the purpose of which was to obtain a search warrant and discover evidence for criminal proceedings. Here, there is a possibility that disclosing the Assistant District Attorney's notes would have a chilling effect on the OSNP more broadly. If such materials are discoverable,

6

OSNP "could possibly be less inclined to pursue such inquiries or do so less vigorously." *Crosby*, 269 F.R.D. at 279 n.63.  That is sufficient to apply the privilege here.[4]

Even though the work product privilege applies, "disclosure of [fact] work product may be ordered if the party seeking it can demonstrate substantial need for the information and an inability to obtain the information, or a substantial equivalent of it, by other means without undue hardship." *Rigas*, 2016 WL 4486187, at *3 (quoting *Crosby*, 269 F.R.D. at 277)).  For the same reasons discussed above, Plaintiff has not shown a substantial need for Ashenfelter's notes.  The notes reflect a conversation with a confidential informant, but the "heart" of Plaintiff's claim is that law enforcement agents intentionally exceeded the scope of the warrant and then fabricated evidence. *See Rigas v. United States*, 2016 WL 4486187, at *3 (S.D.N.Y. Aug 24, 2016) (finding substantial need met only because notes in question were "at the heart" of the claim).  The problematic conduct occurred after, not before, the warrant was issued.[5]

**III. Request for a Privilege Log**

Plaintiff requests that OSNP be required to produce a privilege log that lists any responsive documents OSNP has withheld due to privilege.  OSNP's objection to that request is without merit.  Although Plaintiff referenced Rule 26(b)(5) in its memorandum in support of the

---

[4] Neither of the second nor third purposes apply here.  Plaintiff is not "free-loading" because the information he seeks is solely within OSNP's possession. *Abdell v. City of New York*, 2006 WL 2664313, at *5 (S.D.N.Y. Sept. 14, 2006).  Likewise, OSNP dismissed all the charges against Plaintiff so there is no danger disclosing the notes could interfere with ongoing litigation against this Plaintiff, and OSNP has identified no other proceeding that might be affected. *See Schomburg*, 298 F.R.D. at 143; *Abdell*, 2006 WL 2664313 at *5.

[5] OSNP has not argued any of the material Plaintiff seeks is protected as core work product.  If OSNP had shown that the notes were entitled to work product protection and contained "core" work product, an even higher standard would apply. *See Obeid v. Mack*, 2016 WL 7176653, at *5 (S.D.N.Y. Dec. 9, 2016) (citing *In re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. 274, 279 (S.D.N.Y. 1995)).

motion to compel, Plaintiff's reply correctly identifies Rule 45 as the basis for its claim.  Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure provides the following:

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
>
> (i)   expressly make the claim; and
>
> (ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

In response, OSNP points out only that Fed. R. Civ. 26(b)(3) does not apply to non-parties. While that is true, the applicable rule is Rule 45, which plainly does require non-parties invoking privilege to produce a privilege log.  *See* Fed. R. Civ. P. 45(e)(2)(A); *Schomburg*, 298 F.R.D. at 144 (ordering non-party to produce privilege log pursuant to Rule 45).

### IV. Motion to Seal

The motion to redact and keep sealed the portions of Plaintiff's filing that identify the name and vehicle registration number of the Government's informant is granted.  The name and identifying information are sensitive pieces of information and should be redacted to ensure the privacy and safety of the cooperating informant.  *See In re the City of New York*, 607 F.3d at 941. No party has identified a countervailing concern sufficient to outweigh the informant's interests in privacy and safety.

## CONCLUSION

For the foregoing reasons, the motion to compel is denied in all respects other than the request for a privilege log. The motion to seal is granted.  OSNP shall produce a

9

privilege log that complies with the Federal Rules of Civil Procedure by July 17, 2022. The Clerk shall terminate ECF Nos. 136 and 137.

        SO ORDERED.

Dated:    June 17, 2022                         /s/ Alvin K. Hellerstein
          New York, New York        ALVIN K. HELLERSTEIN
                                              United States District Judge